The opinion of the Court was afterwards delivered by
Parsons, C. J.
The declaration in this case is founded on the seventh section of the statute of 1786, c. 81., made for repairing highways. The defendants object to the verdict, because the plaintiff was an inhabitant of Waterville, and a surveyor of the highways there; and as the defective bridge was in his district, he was bound to cause the defect to be repaired; and if he has suffered, it was through his own default. If this objection be well founded, we are satisfied that it ought to prevail.
Although the words of the seventh section are general, including all persons, yet it ought to receive a reasonable construction. The statute directs that all highways shall be kept in repair at the ex *229 pense of the town-in which they are located. The town is obliged ■to choose annually surveyors of the highways, whose duty it is to cause the highways to be repaired at the town charge. If, therefore, through the surveyor’s neglect of his own duty, he suffers any injury from a want of reparation, it could not be the intention of this section to give him a remedy for a damage arising from such cause.
The plaintiff has argued that it appears, from further facts reported, that he has been guilty of no neglect; * that he was authorized by the town to expend in repairing the [ * 298 ] roads, a highway tax of 133 dollars, 33 cents, and no more; that the whole of this sum was duly expended; and that the want of further reparation arose wholly from the neglect of the defendants in not raising a sufficient highway tax.
If the surveyor had no other fund for repairing the highways than this tax, it would not be reasonable to charge him with neglect of his duty, because he did not complete the repairs at his own expense. The weight of the objection to the verdict, made by the defendants, must depend therefore upon the provisions of the statute, which furnish to the surveyor the means of repair. By the fourth section, if the highway tax is deficient, the surveyor may, with the assent of the major part of the selectmen, employ the inhabitants on the repairs, so as to make up the deficiency, and the inhabitants shall be paid out of the town treasury. By the eighth section, if the town shall neglect to assess a tax for repairing the highways, or shall not otherwise provide for effectually repairing the same, the surveyor is directed to cause the same to be repaired by the labor of the inhabitants, who are made liable to a penalty, if they refuse to obey the directions of the surveyor; which penalty he may recover on complaint to a justice of the peace.
It is said that the duty here enjoined on the surveyor is on condition that the town do not assess any highway tax.
We are satisfied that this is not the true construction of this sec tian; but that this duty is enjoined on the surveyor in all cases where the town has not made provision for effectually repairing the highways, either by a tax or otherwise. This construction naturally results from the eleventh section, in which it is enacted that when a fine is paid by any town for the defect of its ways, the town may recover the same with costs against * the sur- [ * 299 ] veyor by action of the case. And the same section makes the surveyor liable to a public prosecution, in all cases, for a deficiency in the highways, and to a fine on conviction. Now it canna reasonably be supposed, that the law would compel the surveyor fc; indemnify the town, or to pay a fine for the deficiency of the higlr *230 ways, unless it had given him sufficient authority to repair the same at the expense of the inhabitants. And I remember that an action of assumpsit was, upon this principle, maintained by a surveyor against the town of Newbury, in the county of Essex, for the expenses of repairing a highway (the tax for that district being insufficient), on an implied promise arising out of the legal obligation upon the town to make sufficient provision, and upon the surveyor effectually to repair the highways.
On this view of the statute, we are satisfied that the surveyor is obliged by law effectually to repair the ways in his district, and that, in all cases where the town does not make sufficient provision, he has his remedy against the inhabitants.
As the injury, of which the plaintiff complains in his writ, was a damage arising from his own default, we are satisfied that he cannot maintain this action against the town. Otherwise he would recover double damages for a defect in the bridge, which existed from the neglect of his own duty.
According to the agreement of the parties in this case, the verdict must be set aside, and the plaintiff become nonsuit.