ALVAN LOKER *versus* The Inhabitants of BROOK-LINE.

CALEB CRAFTS Junior *versus* The Same.

The duty required of towns, by *St.* 1786, *c.* 81, to keep highways in repair, extends to defects and obstructions caused by snow.

In case a town shall neglect to make sufficient provision for the repair of highways, the surveyor must take such measures for repairing them as are pointed out in the statute ; and he can in no case, by virtue only of his office, make a contract which shall bind the town to pay for services rendered by himself or by another person.

The powers and duties of a surveyor of highways are the same in regard to removing obstructions caused by snow in a highway, as in regard to other repairs of a highway.

EACH of these actions was indebitatus assumpsit on an account annexed to the writ, for work and labor in removing and treading down the snow in the highways in Brookline ; and in each the defendants pleaded the general issue. Both actions were tried in the Court of Common Pleas before *Williams* J.

In the action of Loker it was in evidence, that he was a surveyor of highways for the first south district in the town of Brookline, for the year 1830. In the course of that year he expended, in repairing the highways in his district, the whole sum committed to him for that purpose by the assessors of the town. In January 1831 the highways in his

district were greatly blocked up by snow, and upon complaint made to him by divers persons and upon being threatened with prosecution if he should not remove and tread down the snow so as to render the highways passable, he performed the labor mentioned in the account annexed to his writ. All this was done without any communication with the selectmen of the town, and the town had not, by vote, in 1830, authorized surveyors to proceed according to *St.* 1796, *c.* 58, § 8, in removing and treading down snow which should block up the highways.

Loker, in March 1831, presented his bill for the labor, to the chairman of the selectmen, for allowance, and other persons presented like bills for like services, rendered at the same times in Loker's district, and at his request. The bills were not allowed by the selectmen, but were referred to a committee, chosen by the town, to consider and report thereon ; whereupon Loker commenced his suit.

In the case of Crafts it was in evidence, that the highways in the same district were greatly blocked up by snow in January 1831 ; that Crafts was an inhabitant of the district ; that the highway tax for 1830, committed to the surveyor of the district, had all been worked out before the fall of the snow ; that the surveyor called on Crafts, among others in the district, to turn out and help clear the roads, telling him the town would undoubtedly allow reasonable pay for his services ; that Crafts performed the services mentioned in the account annexed to his writ ; that the town did not, in 1830, pass any vote respecting the manner of clearing the highways of snow ; that the selectmen were not consulted, either by the surveyor or by Crafts, concerning the services done by Crafts ; that Crafts presented his account, with several others, to the selectmen, at the annual March meeting in 1831 ; that the selectmen did not allow it, but inserted an article in the warrant for the next town meeting, concerning these accounts, and the town, at that meeting, voted that a committee should take the accounts into consideration and report at the next town meeting ; and that thereupon Crafts commenced his suit.

The defendants objected, in each action, that the plaintiff was not by law entitled to recover for the services rendered by him as above stated ; and that if he could recover in any form of action, he was not entitled, on his declaration, to recover in his present suit.

The judge overruled these objections, and instructed the jury, in each case, that if they believed the evidence, the plaintiff was entitled to a verdict ; and the jury accordingly returned a verdict for the plaintiff. To these directions the defendants excepted.

*Metcalf*, in support of the exceptions, cited, on the point that the plaintiffs had no remedy against the defendants, *Commonwealth* v. *Springfield*, 7 Mass. R. 13 ; *St.* 1786, *c.* 81, § 1, 4, 8 ; *St.* 1796, *c.* 58, § 4, 5, 8 ; *Wood* v. *Waterville*, 5 Mass. R. 294 ; *Jones* v. *Lancaster*, 4 Pick. 149 ; *Haskell* v. *Knox*, 3 Greenl. 445. And on the point that indebitatus assumpsit could not be maintained, *Salem* v. *Andover*, 3 Mass. R. 438 ; *Bath* v. *Freeport*, 3 Mass. R. 326 ; *Wrentham* v. *Attleborough*, 5 Mass. R. 434 ; *Drowne* v. *Stimpson*, 2 Mass. R. 444.

*Harrington*, for the plaintiffs, argued that the surveyor is subject to a penalty for a defect in the highway, and if the town does not provide the means of repairing the way and he repairs it at his own cost in the first instance, justice requires that he should be remunerated by the town ; that the clause in *St.* 1786, *c.* 81, § 1, that " when the highways are blocked up, or incumbered with snow, the surveyors shall *forthwith* cause so much thereof to be removed or trod down, as will render the roads passable," is an independent provision, and the surveyor has not time to pursue the course marked out by the statute (§ 8,) respecting repairs in general ; that by *St.* 1796, *c.* 58, § 8, incumbrances from snow " may be removed in the manner the same might be done in any town or district who shall neglect to vote or agree upon a sum for the express purpose of repairing the highways and townways, provided, that any town or district shall agree upon that mode of removing such incumbrances in the month of March or April annually," but that here that mode was not so agreed upon by the town, and consequently

Loker
*v.*
Brookline.

*Oct. 30th.*

Loker
*v.*
Brookline.
the cases now before the Court depend upon the provision in the statute of 1786 ; that as the surveyor was obliged to remove the snow, and no mode of obtaining remuneration is specified in the statute, he may maintain indebitatus assumpsit against the town ; and that an individual who performs services by the direction of a surveyor, is entitled to the like action, for it could not have been intended by the statute that he should have a remedy against the surveyor alone, who may not be a person of adequate pecuniary responsibility. *Randall* v. *Van Vechten,* 19 Johns. R. 65 ; *Dunn* v. *St. Andrews Church,* 14 Johns. R. 118 ; *Bank of Columbia* v. *Patterson's Adm.,* 7 Cranch, 297 ; *Danforth* v. *Schoharie Turnp. Co.,* 12 Johns. R. 227 ; *Gray* v. *Portland Bank,* 3 Mass. R. 364 ; *Hayden* v. *Middlesex Turnp. Corp.,* 10 Mass. R. 401 ; *Wood* v. *Waterville,* 4 Mass. R. 422, and 5 Mass. R. 299.

*Feb. term,*
1833.
MORTON J. delivered the opinion of the Court. This case involves some principles, relative to the duties and liabilities of towns, of general practical importance. The subject has therefore been examined and considered with more than usual care.

Towns, like other corporations, public and private, derive their existence from the exercise of the creative power of the legislature. Their powers and obligations are created and defined by the same authority. The duty of maintaining and keeping in repair all highways within their respective territories, is imposed upon towns by statute. It is only by statute that they are liable to indictment for a neglect of this duty ; or are answerable for individual injury sustained by reason of such neglect. *Commonwealth* v. *Springfield,* 7 Mass. R. 13 ; *Mower* v. *Leicester,* 9 Mass. R. 247.

By the statute of 1786, *c.* 81, § 1, towns are required to keep in repair and amend from time to time, all highways, townways, causeways and bridges, within their limits, so that the same shall " be safe and convenient for travellers, with their horses, teams, carts and carriages, *at all seasons of the year.*" Language so general and explicit cannot be misunderstood or restrained. It must extend to all kinds of defects, as well as to all seasons of the year. And an ob-

struction caused by snow is as clearly included, as one caused
by flood or tempest, or any other source of injury.

How shall this corporate duty be performed ? The last
clause in the same section furnishes the answer. " When
the highways are blocked up or incumbered with snow, the
surveyors *shall* forthwith cause so much thereof to be re-
moved or trod down as will render the roads passable."

Upon this officer who has the general supervision of the
repairs of highways, this duty is made imperative. If he
neglects it he exposes his town to indictment, and if any inju-
ry is sustained, to a civil action, and himself to a severe penalty.
The surveyor then is the authorized agent of the town, to
perform this duty ; and he has the necessary control of the
resources of the town for this purpose, in every contingency.

If a highway tax duly assessed remains unexpended, it
is obvious that the surveyor should call upon the persons
whose taxes are unpaid, to perform the services required.

If the town neglect to make any highway tax, or otherwise
to provide for the proper repair of their highways ; the sur-
veyor ought in the mode provided in the eighth section, to
assign to the several persons within his district their ratable
proportion of the labor, materials &c., required to make the
necessary repairs.

If a tax has been made and expended in the repairs of
highways, or proves insufficient for the purpose, the survey-
or, with the consent of the selectmen, may employ the in-
habitants within his district, to perform the necessary ser-
vice ; or he may, without their consent, proceed to apportion
the labor among the inhabitants, in the same manner as if no
tax had been made.

It was formerly doubted whether the power of the surveyor
to make this apportionment, was not confined to cases where
the town had wholly neglected to make a tax or other ade-
quate provision for the due reparation of the highways. But
in the case of *Wood* v. *Waterville*, 5 Mass. R. 298, this
question was fully considered and wisely settled. A *literal*
construction of the eighth section might restrict the power
of surveyors to the single case of the neglect of the town
to assess any highway tax. But when we consider the gen-

eral object of the statute, compare the different sections with each other, and view all its provisions together, we are irresistibly led to the conclusion, that the surveyor may make the apportionment, as well when the tax is insufficient, as when none has been assessed. It can hardly be necessary to remark, that this power can be exercised only when an emergency arises which manifestly requires it.

We have considered that the removal of obstructions caused by snow, rests upon the same basis as other repairs of public roads. And but for a singular proviso in the eighth section of the statute of 1796, c. 58, we cannot perceive how any doubt ever could have arisen. This latter statute does not contain any express repeal of the former one. And although we cannot comprehend the purpose for which the proviso was introduced, nor fully understand its import, yet we cannot think it was the intention of the legislature to abolish by implication an important provision of the former statute upon the same subject. And we are confirmed in this opinion by the consideration, that a wise legislature would not leave surveyors subject to a very onerous duty, without any means of performing it.

Having shown what are the duties of surveyors of high ways relative to the removal of obstructions by snow, and the manner in which those duties are to be performed, it only remains for us to inquire in what cases such an officer may charge the town by which he has been appointed.

This office being created by statute, we must look to the same source to ascertain the powers and duties incident to it. A surveyor, like every other town officer, is the mere agent of the corporation by which he is chosen. And he can bind his principal no farther than he is authorized to act for him. This authority is defined by statute and must be strictly pursued.

All highway taxes, unless it be otherwise ordered by the towns, are to be paid in labor. And it is not in the power of any officer to convert them into taxes payable in money. Towns, in certain cases, may appoint agents, or may authorize their surveyors, to enter into contracts for the repair of highways, and to collect money to discharge such contracts. *St.*

1796, *c.* 58, § 5. They also may vote to raise the money directly, for the repair of highways. *St.* 1818, c. 121, § 1. But these are corporate powers, which must be exercised by the towns themselves and cannot be delegated to any of their officers.

The surveyor has no official power to make a contract for the town for the repair of highways, or for any other purpose. His only safe course is to pursue strictly the mode prescribed by the statute. If he departs from this, he exceeds his authority, and his acts are not binding on the town.

All officers should be kept within the powers delegated to them, and it might be very dangerous to allow surveyors, without the concurrence of those officers who have the management of the prudential affairs of the town, to charge it with repairs and improvements of the highway, at their discretion. If surveyors could do this, they would have the power to change the burden from those bound by law to bear it, to those not bound to bear it, viz. from the district to the whole town. We think the provisions of the law, on this subject, are wise ; that ample power is given to surveyors for the proper performance of the important duties with which they are entrusted ; and that they, like all other public functionaries, should be holden strictly to pursue their authority.

These principles were adopted in the case of *Jones* v. *Lancaster*, 4 Pick. 149, and are in perfect accordance with the decision of *Wood* v. *Waterville*, 5 Mass. R. 294. The case which the late Chief Justice *Parsons* is there reported to have recollected, cannot be sustained in the form there stated. It was either misrecollected in some of its features, or the Court which made the decision must have done it without sufficient deliberation.

Many of the principles laid down in the case of Loker against the inhabitants of Brookline, are applicable to the case of Crafts against the same defendants, and decisive of it. If the surveyor could not recover for services rendered to the town, because he had no authority to perform those services for it, *à fortiori* he could make no contract with the plaintiff Crafts, which should bind the town.

Loker
*v.*
Brookline.

A surveyor can in no case by virtue of his office alone, make a contract which will be obligatory on the town. There are only two cases in which a town can be bound by a contract for services performed in the repair of highways. The one is where the town by vote authorizes an agent to contract for it. The other is where the tax proves insufficient and the surveyor, with the consent of the selectmen, employs the inhabitants. In the latter case, the persons performing the services would have a remedy against the town for them. The plaintiff Crafts does not come within this principle. And it cannot be pretended that any inhabitant of a town may, when he deems it necessary, labor upon the public roads, either in removing snow or making other repairs, and compel the town to pay him for his services.

*Judgment of the Common Pleas reversed in each case and plaintiff nonsuit.*