WILLIAM WHITE *vs.* INHABITANTS OF PHILLIPSTON.

A surveyor of highways is a competent witness for the town, in an action against the town to recover damages for an injury received by reason of a defect or want of repair in a highway within the surveyor's district, he not being liable to the town for the amount of the damages that may be recovered in such action.

THIS was an action on the Rev. Sts. *c.* 25, § 22, to recover damages which the plaintiff alleged that he had sustained by reason of a defect in a highway in the town of Phillipston, in consequence of the snow with which it was incumbered not having been seasonably removed or trodden down, so as to make the way safe and convenient.

At the trial before *Wilde*, J. the plaintiff introduced evidence tending to show the existence of the alleged defect. The defendants then introduced the testimony of several witnesses, for the purpose of showing that soon after the storm in which the snow fell, which occasioned the alleged defect, the snow was removed and trodden down, and that the way was thereby made safe and convenient. They also called, for the same purpose, W. Hagar, surveyor of highways in the district, in said town, in which said way was situated. The plaintiff objected to the competency of this witness, on the ground

of interest arising from his being such surveyor. He was rejected by the judge, and a verdict was returned for the plaintiff.

New trial to be granted, if the witness ought to have been permitted to testify.

*C. Allen & F. H. Dewey*, for the defendants. The surveyor would not be liable to the defendants in consequence of the plaintiff's recovering judgment against them in this action, and he was therefore a competent witness for them. All his duties and liabilities are imposed by statute; his duties, by Rev. Sts. *c.* 25, and his liabilities by *c.* 15, §§ 82 – 84. By § 82 of *c.* 15, he forfeits ten dollars to the town for each neglect of duty. By § 83, he may be prosecuted by indictment, for any deficiency in a way, occasioned by his fault or neglect; and by § 84, he is liable to the town for the amount of the fine and costs which the town may be sentenced to pay for any deficiency in its ways, if such deficiency exist through his fault or neglect. No such interest arises from either of these liabilities as excludes his testimony. A judgment for the plaintiff in this action would not be evidence against him, to establish his fault or neglect. The Rev. Sts. *c.* 25, § 13, have greatly altered the surveyor's liability. Formerly he had power to assess the inhabitants, and call them out to repair roads. *Loker* v. *Inhabitants of Brookline*, 13 Pick. 347. But he can now employ persons to make repairs, only to the amount of ten dollars, in case of a deficiency in the highway tax. Proof of a defect in a way does not, therefore, prove fault or neglect in the surveyor. He is not, strictly speaking, the agent of the town. The law obliges towns to choose surveyors, whose duties it prescribes. Towns, therefore, are not voluntary principals, and the law of principal and agent is not applicable to the relations of a town and its surveyors.

*N. Wood*, for the plaintiff. The Rev. Sts. *c.* 25, § 3, make it the duty of surveyors to cause snow, that incumbers a road, to be forthwith removed or trodden down. The defendants, therefore, when judgment is recovered against them in this

action, will be subjected to damages through the surveyor's negligence ; and he cannot be a witness for them, unless they release him.  *Green* v. *New River Co.* 4 T. R. 589.  *Thompson* v. *Lothrop*, 21 Pick, 336, and cases there cited.  *Inhabitants of Lowell* v. *Boston and Lowell Railroad*, 23 Pick. 24.

In 13 Pick. 347, cited for the defendants, the court say, " the surveyor is the authorized agent of the town " to repair highways.  If he is negligent and suffers an injury by reason of a defect in the road, he cannot recover damages of the town. *Wood* v. *Inhabitants of Waterville*, 5 Mass. 294.  And if the town has no remedy against him, it ought not to be liable to others for his negligence.  But the statutes have imposed this liability on the town.  The provisions for a forfeiture of ten dollars by a surveyor, for each default, and for an indictment against him, and for an action to compel him to reimburse a fine and costs imposed on the town, are wholly insufficient for the security of the public, or the indemnity of the town, and are to be considered only as cumulative remedies.  A town, when fined, stands convicted of an offence, and could not recover back the amount of the fine, without a statute provision.  But a town may, by the common law, sue its agent for damages incurred in a civil matter.

The answer to the argument drawn from the restricted power of the surveyor is, that it was not shown that the surveyor had done all that he was authorized to do, and therefore was not subject to the ordinary liability of a surveyor.  It must be shown that the town was remiss, before the surveyor can be called as a witness in their defence.

HUBBARD, J.  It was settled many years ago, that no action would lie at common law against a town, for an injury sustained by reason of a defect in a highway, and that the remedy was given only by statute.  *Mower* v. *Leicester*, 9 Mass. 247.  And it has never been held that an action would lie, by the party injured, against the surveyor of the highway himself, for his alleged neglect of duty, or that such surveyor is answerable, except in the manner provided for in the statutes.

A surveyor is not the mere servant or agent of the town, but

an officer created by statute, and chosen by the town, with other town officers; and his duties are prescribed and defined by the statutes.    If in that district of the highways assigned to him to keep in repair, any deficiency exists, occasioned by his fault or neglect, he may be prosecuted for the same by indictment. And if the town also shall be sentenced to pay a fine for any such deficiency, the surveyor, within whose limits such deficiency may be found, shall be liable to the town for the amount of such fine and the costs of prosecution, to be recovered by the town in an action on the case, if such deficiency exist through his fault or neglect.    Rev. Sts. *c.* 15, §§ 83, 84.    But no other action is specially given against him, where a recovery has been had against the town.    He is not treated by the statute as a mere agent or servant whom the town have employed, and to whom, as such agent or servant, he is directly responsible for any neglect of duty.

It follows, therefore, we think, that the common rule of law, which makes the agent or servant liable over to his employer or master for damages sustained by him in consequence of the neglect of such agent or servant, does not apply in this case.    A judgment against the town, in a civil action, is not the ground of a suit against him.    We are therefore of opinion that the surveyor is not such agent or servant of the town as renders him incompetent to testify in a civil action, in which the town is defendant, for a defect in that part of the highway which is within his district.    The case of *Wood* v. *Waterville,* 5 Mass. 294, decides that a surveyor of highways cannot himself recover for a defect in a highway, which defect is the consequence of his own neglect; but that decision does not affect or touch the point here presented.

It was intended to give the person injured certain redress for injuries sustained, by making the town itself liable, and not to turn him round to an action against the surveyor, from whom he might be able to obtain no satisfaction.    The surveyor, then, is answerable where the statute gives a remedy against him for the non-performance of those duties assigned to him, or for misfeasance in the discharge of them, but he is

not responsible as the mere agent or servant of the town. We therefore think the judge erred in rejecting the witness.

· *New trial granted.*