[ PHILADELPHIA, APRIL 13TH, 1840.


· DARLINGTON *against* GRAY.                    

5wh    487
35 SC  165

IN ERROR.

The defendant being indebted to the plaintiff for goods sold, drew a bill of exchange for the amount on A. which was duly accepted, but not paid. An action of assumpsit was then brought by the plaintiff against the defendant, in which the plaintiff declared for goods sold, work and labour done, and on an account stated. This action was arbitrated by the defendant. At the hearing before the arbitrators the plaintiff produced no other evidence than the bill of exchange. The arbitrators found that the plaintiff had no cause of action. The plaintiff appealed; and on the trial before the jury the plaintiff gave in evidence his book account but not the bill of exchange. A verdict and judgment were given for the defendant. A new action was then brought, in which the plaintiff declared against the defendant as the drawer of the bill of exchange. *Held,* that if the bill of exchange were taken in payment and satisfaction of the debt for goods sold, &c., it formed a distinct cause of action; and that the verdict and judgment in the action for the goods sold, &c. were not conclusive against the right to recover in this action.


ERROR to the Common Pleas of Chester county.

William Gray brought an action of assumpsit to the use of Enoch Gray against Benedict Darlington, to May Term 1830, under the following circumstances.

In 1824, Gray sold goods to Darlington, and afterwards took his bill of exchange on one Boyer, of Reading, for the amount, which was duly accepted, but not paid.

Gray brought suit in 1825, against Darlington, and declared for goods sold, work and labour, and on an account stated. The defendant then arbitrated the case. Before the referees, the plaintiff did not produce his declaration, or offer any evidence of goods sold, or work and labour, as laid in his declaration; but gave in evidence and relied upon the bill of exchange which constituted the single matter in dispute on this hearing. The arbitrators awarded " no cause of action," and the plaintiff appealed. On the trial afterwards, in Court, he relied upon his book account, and did not produce the bill of exchange, or introduce it in any way to the consideration of the Court and jury. The verdict

and judgment were for the defendant. The plaintiff then instituted this suit, and declared upon this bill of exchange. The defendant pleaded specially, a former recovery, setting out the reference and award. The plaintiff replied, alleging that the verdict and judgment in that case were for a different cause of action; not traversing the award. The defendant demurred, assigning this for special cause. Upon the demurrer, a statement of facts was agreed upon, and filed of record.

The defendant being a relation of Judge DARLINGTON, then president judge of the district, the case was submitted with the pleadings at a special Court, to Judge KING, who overruled the demurrer, and gave judgment of *respondeat ouster;* whereupon the defendant pleaded the general issue.

On the trial before Judge KING, the defendant gave in evidence, and relied upon the award in the former case, with proof that it constituted the only matter tried before the arbitrators. The plaintiff obtained a verdict, and the defendant moved for a new trial, on the ground that the verdict was against law in this respect, and that the law had not been sufficiently or properly explained to the jury in the charge of the Court. The Court granted a new trial. Judge KING, giving the following opinion.

" Among the various reasons assigned for a new trial, there are but two which I regard as in any substantial manner affecting the verdict. These are, first, that the verdict is against the weight of the evidence; second, that the Court did not in their charge to the jury, enforce with sufficient distinctness the legal effect of the former, and subsisting verdict and judgment in *Gray* v. *Darlington*. The facts, so far as they bear on these points, as they present themselves to my mind from a view of all the evidence, may be thus stated. On the 31st day of August, 1824, Benedict Darlington, the defendant, being indebted to the plaintiff, William Gray in the sum of one hundred and fifty dollars, drew his draft for that amount in favour of the plaintiff, on Jacob K. Boyer of Reading, which was duly accepted. At maturity, however, the draft was dishonoured and protested. Subsequently Benedict Darlington promised to pay the draft, which promise, for reasons not important to be now noticed, not being complied with, William Gray instituted his action against him in the Common Pleas of Chester county, to August term, 1825. In this action, William Gray declared against Benedict Darlington, for work and labour done, for goods sold and delivered, and on an account stated. At the time of the commencement of this action, it does not appear that Gray had any other claim or demand against Darlington, except such as arose from the unpaid draft, or the consideration for which it was given. The cause was arbitrated, and before the arbitrators, Gray gave in evidence as his cause of action, the protested draft already noticed. The award of the arbitrators being for the defendant, Gray appealed, and on the 10th of Novem-

ber, 1829, a trial by jury was had, on which the verdict was also for the defendant. On *this* trial, Gray did not give the draft in evidence, but exhibited as his cause of action a book account against Darlington, which from the testimony of William Gray, given on the trial before me, I have no doubt was the consideration for which the draft was given. On the 6th day of May, 1830, Gray instituted the present suit for the use of Enoch Gray, his assignee, and declared on the draft of the 31st of August, 1824. At the trial, the defendant gave in evidence the record and judgment in the case of *Gray* v. *Darlington*, brought to August term, 1825, and insisted, among other things, that this record, connected with the testimony of William Gray, showing that the foundation of that action was the same as the present one, viz. the draft of August 31st, 1824, was conclusive evidence against the right of the plaintiff to recover. The instructions given by me to the jury in these particulars were " that if from the evidence they were satisfied the first suit of *Gray* v. *Darlington*, was either for the protested draft, or its consideration, the plaintiff could not recover, but was concluded by the verdict and judgment in that case; but if from the evidence they were satisfied that the cause of action in that case was for a different debt or demand, that the plaintiff could recover in this action, the former verdict and judgment to the contrary notwithstanding." Which of these alternative views was the correct one, was of course submitted to their decision as a question of fact. Since the argument for a new trial, I have given the case a calm and deliberate re-consideration, and whatever may have been my impressions on the trial, under the influence of the apparent equity of the plaintiff's claim, arising from an impression that he had never received actual payment of the draft; I find myself impelled to the conclusion, that under the existing aspect of the evidence, the verdict cannot be sustained consistently with the well-settled principles of law. If there is one principle of law more free from difficulty than another, it is, that a verdict for the same cause of action between the same parties, is absolutely conclusive; and so long as it remains in full force and effect, the matters determined by such verdict and judgment never can again be the subject of litigation between them. The legal maxim is, " *nemo debet bis vexari si constat curiæ quod sit pro una et eadem causa.*" 5 Co. Rep. 61. Nor can the defeated party re-agitate the settled controversy by modifying the form of his action. For the cause of action is the same, when the same evidence will support both actions, although the actions may happen to be founded on different writs. 2 *Black. Rep.* 831; 3 *Wils.* 308; 1 *Starkie*, 196; 8 *Johnson*, 383; 7 *John.* 20; 4 *Rawle*, 284; 13 *Serg. & Rawle*, 276. The plaintiff cannot have a second investigation of the same *original* matter, when it has passed once " *in rem judicatam.*" 4 *Rawle*, 485. " A verdict," says Judge Rogers, in *Killheffer* v. *Herr*, (17 *Serg. & Rawle*, 319,) " for the same cause of action, between the same

(Darlington *v.* Gray.)

parties, is conclusive; for when a Court of competent jurisdiction has adjudicated directly upon a particular matter, the same point is not open to inquiry in a subsequent suit for the same cause and between the same parties. It may be a great misfortune, as in this case, that from causes over which he had no control, the party may not have been properly prepared for trial. It is however, a misfortune which the Court cannot remedy, as the rule is settled on the principle that there must be an end of litigation, and to provide against the loss of testimony." It is true that there are cases where a plaintiff has embraced several demands in his declaration, but on the trial of the action, has offered evidence as to part, and no evidence as to the others, that he has been permitted to show the truth of the fact in a subsequent action for the demand not inquired into in the original action. *Sedden* v. *Tutop,* 6 *T. R.* 607. *Snyder* v. *Croy,* 2 *Johns.* 227. But even in a case of this urgency, Lord KENYON, who ruled the leading case on which this doctrine is established, felt he was occupying dangerous ground. He observes, "that this is a question of great delicacy; we must take care not to tempt persons to try experiments in one action, and when they fail, to suffer them to bring another action for the same demand : the plaintiff who brings a second action ought not to leave it to nice investigation to see whether the two causes of action be the same : he ought to show beyond all controversy, that the second is a different cause of action from the first, in which he failed." But even when demands unquestionably distinct and separate have been united in one action, if a claim has been submitted to a jury, and they disallow it, or allow less than the plaintiff is entitled to recover, or overlook part of his demand, a verdict and judgment thereon is a conclusive bar to a second action for the same cause. 16 *John.* 136; 10 *John.* 365; 2 *John.* 210; 11 *John.* 530; *Hess* v. *Heeble,* (6 *Serg. & Rawle,* 57 ;) 3 *Cowen's Rep.* 152. It is only where no evidence has been given of one of several and distinct demands, severally and distinctly set out in the plaintiff's declaration, that he has been permitted to recover the omitted demand in a new action; and even in such a case, the legal presumption is against the right to recover in the first instance; and in the language of Lord KENYON, such a plaintiff " must show beyond all controversy," that he has such right. The legal operation of a former verdict and judgment between the same parties, where the same subject-matter is agitated in a new action, being ascertained, we are next to inquire to what extent is such a former verdict obligatory on Courts and juries on the trial of such subsequent action. The doctrine in this respect is equally free from doubt. In actions of assumpsit or debt where special pleading is not required, and where a former recovery is given in evidence, the record of such recovery is conclusive evidence binding on the plaintiff, the Court and the jury. *Killheffer* v. *Herr,* (17 *Serg. & Rawle,* 322.) " Wherever," says Judge KENNEDY, in

(Darlington *v.* Gray.)

*Marsh* v. *Pier,* (4 *Rawle,* 288,) " on the trial of a cause, from the state of the pleadings in it, the record of a judgment rendered by a competent tribunal upon the merits, in a former action for the same cause, between the same parties or those claiming under them, is properly given in evidence to the jury, it ought to be considered conclusively binding on both Court and jury, and to preclude all further inquiry in the cause ; otherwise the rule or maxim, *expedit reipublicæ ut sit finis litium,* which is as old as the law itself, and part of it, will be exploded and entirely disregarded. But if it be part of our law, as it seems admitted by all that it is, it appears to me that the Court and the jury are clearly bound by it, and not at liberty to find against such former judgment. A contrary doctrine it seems to me, subjects the public peace and quiet to the will or neglect of individuals, and prefers the gratification of a litigious dis-position on the part of suitors to the preservation of the public tran-quility and happiness." In *Cist* v. *Zeigler,* (16 *Serg. & Rawle,* 285,) Judge DUNCAN, in remarking on this rule, observes, " I know there are recent English decisions, that if the former judgment is not pleaded, but given in evidence on the general issue, it is not conclu-sive on the general issue. Yet the law appears to have been settled to the contrary by many authoritative decisions, which I am not inclined to disturb."

Let us now examine briefly the application of these principles to the case before us. When William Gray, the present plaintiff, instituted his action in 1825, against Benedict Darlington, he had but one claim arising from the draft on Boyer, or the consideration for which the draft was given by Darlington. Before the arbitrators he exhibited this claim in one shape, viz., on the protested draft. Having failed before this tribunal, he appealed ; and on the trial before the jury he presented it in another form, to wit, as a claim arising from a book account ; still however both being substantially the same. In this he was equally unfortunate, the verdict also being against him. In the action under which he was thus twice worsted, it was perfectly competent for him, under the pleadings, to have gone either on the draft itself, or on the consideration for which it was given. In the different stages of the cause he went for both, and with equal ill success. It may be that loss of testimony, want of experience in his then counsel, or some other casualty, produced these results against the true merits of the controversy ; but still the judgment which decided that he had no claim or demand at the time of its rendition against Benedict Darlington remained unreversed and in full operation. In this state of things he instituted this action, obviously, from the whole evidence considered together, for the same claim which had been passed upon by the former decision That such a course of procedure is inadmissible, is clear. It is true that I submitted the question to the jury to decide whether the substantial causes of action in both suits were the same, or

(*Darlington v. Gray.*)

different; directing them, if the former was the truth of the case, the verdict should be for the defendant; if otherwise, for the plaintiff; and that their verdict was for the plaintiff; of course, negativing the position that the causes of action in both suits were the same. But on a careful review of the testimony, in which I have not failed to give the case stated all the consideration it is entitled to, I cannot perceive on what grounds, apparent in the testimony, they have arrived at this result. The more I have reflected on the case, the more assuredly I am led to the conviction; that the conclusive nature and effect of the former verdict was not sufficiently considered by the jury; and that their verdict was rendered more with regard to the apparent equity of the plaintiff's claim, than to his being or not being estopped from asserting it before them by the legal effect and operation of the former verdict. When the case however comes before a second jury, the law, and the reasons on which it is founded, can be fully expounded and enforced; and unless a different state of evidence is exhibited by the plaintiff, will no doubt be recognized and sustained by their verdict. In conclusion, I think it proper to say, that the facts, as they appeared on the trial, particularly as they were proved by the testimony of William Gray, and as they are represented in the case stated, are essentially different, and call for different conclusions. But if it were otherwise, I could not in this, or any other case, hesitate in abandoning an opinion which on full reflection I was satisfied was not tenable. Consistency, under such circumstances, could only be maintained at the expense of conscience. Upon the whole, I am of opinion, that the case should be submitted to another jury, when the lights which Court and counsel have obtained from the able discussion of this motion, will facilitate the final decision of this protracted controversy. The prothonotary of Chester county will, according to the agreement of the parties accompanying this judgment, make the rule for a new trial absolute."

After the new trial had been ordered, Judge DARLINGTON died; and the case then came on to be tried before his successor, Judge BELL, on the 10th of February, 1840, when the learned judge charged the jury in substance as follows:

" This is an action of assumpsit, brought to recover the amount alleged to be due on an inland bill of exchange, drawn by the defendant on Jacob K. Boyer, in favour of William Gray, which was accepted, but afterwards dishonoured. It is not denied that the defendant had due notice of the non-payment of the bill, and that he was therefore liable to pay the amount called for by it. It is in proof that the defendant recognized this liability, and repeatedly promised to pay. Unless, therefore, something has occurred since, which constitutes a sufficient defence, the plaintiff is entitled to

(Darlington v. Gray.)

recover. It is said that such an objection against the plaintiff's right exists. In order to understand the nature of this defence, a short review of the facts of the case is necessary. (Here the judge stated the facts proved in the cause.) After the bill of exchange had been dishonoured, William Gray brought suit against Benedict Darlington, to August term, 1825, in this Court, in which he declared for work and labour done, and on an account stated; thus, as it would seem, recurring to his original cause of action, as he had a right to do, unless it was extinguished by the acceptance of the bill of exchange. This declaration was filed on the 23d of September, 1828. On the 4th of October of the same year, the defendant entered a compulsory rule of reference, in pursuance of which arbitrators were chosen, who, on the 15th of December, awarded that William Gray, the plaintiff, had no cause of action. On the 30th of the same month, Gray appealed from this award; and the cause was tried on the 10th of November, 1829, when a verdict was rendered in favour of the defendant, upon which judgment nisi was entered the same day. On the trial of the cause before the arbitrators, Gray, the plaintiff, produced and relied on the bill of exchange as the foundation of his action. On the trial of the appeal, he relied on his original book account, as his cause of action, and did not produce or in any way bring to the notice of the jury the bill of exchange. Under this state of facts the defendant insists that the award, verdict and judgment must be taken as conclusive against the present plaintiff's right to recover in this action on the bill of exchange. It is an undoubted rule, founded in public policy, that the judgment of a Court of competent jurisdiction, on the same subject-matter, between the same parties or privies, is as a plea, a bar, or as evidence conclusive in any subsequent suit. The legal maxim is, *nemo debet bis vexari pro una et eadem causa.* The parties cannot have a second investigation of the same *original* matter, when it has once passed in *rem judicatam.* It matters not what may be the form of the writ used, if the cause of action be the same substantially, the party against whom the judgment has passed is forever concluded. And no matter what the truth of the case may be, the party is bound; for the effect of an estoppel is to preclude him from alleging the truth. In this case it is not denied but that the original book account, the settlement and bill of exchange, all constitute the same cause of action, being merely evidence of the same indebtedness, unless, as the plaintiff alleges, the bill was accepted in payment and discharge of the book account. If this were so, the acceptance of the bill extinguished the original claim, and narrowed the party's remedy down to the bill of exchange. If you should be of opinion, on the evidence, that the bill was not so accepted, but merely as collateral to the original claim, the plaintiff cannot recover in this suit, because the same subject-matter, although in a different form, has passed in *rem judicatam ;* that is, a compe-

(Darlington *v.* Gray.)

tent tribunal has passed on the rights of the parties, and the judgment then rendered must be taken as a flat bar against the plaintiff. In other words, the book account, settlement, and bill of exchange being merely evidence of a means to recover the same debt, Gray was at liberty to select either as the foundation of his action; and if he did so, and failed after some proof given, he cannot be permitted to sustain another action for the recovery of the same debt, founded upon another piece of evidence of its existence; because in the former suit, the question whether this debt was or was not due, has been passed on and decided against him; and if he possessed an hundred collateral evidences of, or securities for its payment, the effect would be the same. But if the bill of exchange was accepted in payment and discharge of the original debt, it became, in itself, a new substantive and independent cause of action, distinct from the book account, settlement, or other foundation of claim theretofore existing; and unless his right originating in and on this bill, has been regularly passed on and adjudicated against him by a competent tribunal, the plaintiff is entitled to recover in this suit.

It is not pretended that any action prior to this was expressly founded on this bill of exchange, or brought specifically for the recovery of the sum due on it. But it is proved that on the hearing before the arbitrators in 1828, William Gray produced and relied on this bill alone; and it is contended that the award of "no cause of action" against the plaintiff in that suit, being unreversed on the appeal, has the effect of a judgment, operating to estop the plaintiff, and to bar his recovery in the present action. It is true that the act of the 20th of March, 1810, provided that the award of arbitrators made under the act "shall have the effect of a judgment against the party against whom it is made, and be a lien on his real estate until such judgment be reversed on appeal." That such a judgment, under all circumstances, will operate to bind the real estate of the party against whom it is rendered, until reversed on appeal, or otherwise set aside, admits of no doubt. But in order to give it the effect contended for here—the efficacy of an estoppel, when pleaded, or as conclusive as evidence against the plaintiff's claim in this action, it must appear that some evidence was given before the arbitrators, tending to support the plaintiff's cause of action in the former suit, as set out in his declaration. It is not enough to say that the arbitrators made an award. It is necessary to go further, and ascertain what was the subject-matter upon which they awarded; and in order to do this we must first look at the pleadings. We find then that the declaration filed states the cause of action to be for work and labour done and an account stated. Nothing is said about a bill of exchange, nor is it any where suggested that such an instrument was in existence. This filing of a declaration is not a mere idle ceremony, for by the then existing law, enacted by the act of the 28th of March, 1820, the plaintiff could not enter a rule to arbi-

(Darlington *v.* Gray.)

trate until after a declaration or statement of his cause of action was filed. What was the object of the provision of this statute? Certainly to compel the plaintiff not only to inform the defendant of the complaint he was called on to answer; but also the arbitrators what was the subject-matter submitted to them for their decision. Upon the hearing, the defendant had a right to object to the admission of any evidence not tending to prove the allegations of the plaintiff; and upon such objections made, it would be the duty of the arbitrators to reject it; or if such irrelevant testimony were admitted without objection, it would be incumbent on the arbitrators to disregard it when they came to pass upon the subject in controversy between the parties, as set forth in the narr. They are sworn " to try all matters in variance submitted to them;" that is, all matters in variance *in the suit,* submitted to them. To step over this limit, and to take cognizance of different and foreign matters, even though no objection were made, would, I apprehend, be in them manifest error. What evidence then was given to these arbitrators, and upon what did they pass? It has already been shown what the plaintiff declared for. In the case agreed on by the parties before us, it is stated as a fact, that no evidence was given to support the plaintiff's cause of action, as laid in his declaration, but that he exhibited the bill of exchange, and nothing more. It is nowhere stated or proved that the arbitrators passed on the liability of the defendant, arising out of this bill of exchange, or that they adjudicated in respect to it. In the absence of proof to the contrary, we are bound to presume that they did not attempt to exceed their legitimate powers, by investigating and deciding questions not referred to them, but looking to the cause of action, as spread on the record by the plaintiff himself, the award was based, not on *the non-liability of the defendant on* the bill of exchange drawn by him, but on the fact that that bill of itself, and unconnected with any other proof, did not show that the defendant was liable for work and labour done by the plaintiff, or on an account stated between them. This presumption, it seems to me, is strengthened by the further fact, admitted in the case stated, that on the trial of the appeal, the plaintiff did not produce the bill of exchange, but under the same declaration gave in evidence and relied on a book account for work and labour and materials furnished. How then stands the case? If the plaintiff had offered no evidence before the arbitrators, but appealed and took a verdict on the claim founded on his book account, it will not be pretended that the award could operate to conclude him in this suit, unless, as has been remarked, the bill was accepted by Gray, as merely collateral or additional security. Can the fact of his having offered testimony, in itself utterly irrelevant, and of itself not tending in any degree to support his cause of action, work a different effect? I think not. Irrelevant proof is no proof, and may be altogether rejected, or if heard, may and ought to be disregarded. It is as if no evidence were given, and the legal effect must be the same.

(Darlington *v.* Gray.)

If I am then right in the view I have taken of the action of the arbitrators, and if you believe the bill which is the foundation of this suit was accepted in payment of, and so operated to extinguish the original claim, it follows, that no competent tribunal has yet passed upon the claim of this plaintiff, arising from and based upon this bill, as independent of all other claims, and that consequently he stands before you free of the fetters which a prior judgment on the same subject-matter would have imposed; and that you are at liberty to decide this cause on its merits. But if you should think the arbitrators did pass upon and adjudge Mr. Gray's claim, arising from the bill of exchange as a distinct, independent and substantive cause of action, I am of opinion, and so instruct you, that under all the circumstances of the case, their award cannot operate conclusively, to prevent the plaintiff's recovery in this action. It has already been said, that by operation of statute, an award of arbitrators has the effect of a judgment, until it be reversed on an appeal. In order to preserve the meaning of the legislature, this word "reversed," according to Judge YEATES, in *King* v. *Sloan,* (1 *Serg. & Rawle,*) must be read ' changed' and ' altered;' for if, upon the final hearing of the appeal, this statutory judgment be changed or altered, either in respect to the amount, or in regard to the subject-matter adjudicated, it may be said to be reversed, and altogether supplied by the judgment rendered on the appeal. Although an award is a direct judgment upon the matter submitted, and in some respects final, it is not so in all. It has been said to be a new species of judgment. If no appeal is entered within twenty days, it is completely final. Execution may be issued on it, or a writ of error brought. But an appeal being entered, the appellant is entitled to a trial by jury, and judgment will be entered according to the verdict as usual; *Reed* v. *Garvin's Ex'rs,* (7 *Serg. & Rawle,* 355.) To be sure if the appeal be not prosecuted, but is abandoned, by suffering a *non pros.*, or otherwise, the award becomes final; but when a verdict is taken, and judgment is rendered upon it, the last judgment alone is final, and the rights of the parties are concluded by it, and not by the prior award. But judgment, to operate as an estoppel, must be in its nature final. Here this feature of the award in question, if it ever possessed it, was obliterated by the appeal, verdict, and judgment rendered upon a cause of action entirely distinct from that presented by evidence to the arbitrators, and attempted to be sustained by new and independent evidence. The award was in fact and effect changed and altered, and therefore may be said to have been reversed. Were this not so, the strange anomaly would be presented of two distinct judgments rendered in the same suit, operating to estop the plaintiff in regard to two distinct claims heard and adjudged by distinct tribunals. A position leading to such a conclusion cannot be sound; and you are therefore instructed that the judgment rendered in the Court of Common Pleas in the first

(Darlington v. Gray).

suit, superseded and supplied the place of the award, so as to render it inoperative for every purpose except in its character of lien on the real estate of the plaintiff, or as it might affect a question of costs, not now necessary to be considered. What I have said embraces the whole case; but as the counsel on either side have asked the Court to charge you on certain points submitted, I proceed to answer them.

(After reading the questions proposed by the plaintiff, the judge said)—

It is not necessary, after what has been said, to return an answer in detail to the five points submitted on the part of the plaintiff. It is sufficient to say that they are affirmed in the terms in which they are put. In answer to the first and third points submitted by the defendant I reply, that if the bill of exchange was drawn, tendered and accepted as merely collateral to, and as additional security for the payment of the book debt and account stated, declared on, then the record, judgment and verdict in the former case of *Gray* v. *Darlington*, being for the same identical cause of action for which the plaintiff claims to recover in this suit, is conclusive against his right in this action; but if, as before observed, you believe from the evidence that the bill of exchange was accepted in payment and satisfaction of the prior debt, then the plaintiff's only remedy was by action on this bill, and the former verdict and judgment, being on a different cause of action, do not conclude the plaintiff in this suit.

2d point. It is not shown that the award for the defendant in the former case was for the same cause of action declared for in this suit, nor that it remained unreversed on appeal, unless, as before said, you believe the bill of exchange was intended and received as collateral security for the original debt. If so, the award, in connexion with the subsequent verdict and judgment, is a bar to the present suit; but if the acceptance of the bill was such as to operate an extinguishment of the debt, the plaintiff is not barred, for the reasons already given. And for a fuller answer to these points, as well as those submitted by the plaintiff, you are referred to what has already been said on the whole case, which will be made part of the record, if necessary."

A verdict and judgment having been rendered for the plaintiff, a writ of error was taken, and the following errors assigned.

" 1. The Court erred in rendering judgment for the plaintiff below upon the demurrer to his replication.

2. Judgment should have been rendered for the defendant below upon the case stated, and not for the plaintiff.

3. The Court erred in their charge to the jury, as filed of record, in the following particulars, to wit:

First. In charging that 'If the arbitrators did pass upon and adjudge Mr. Gray's claim arising from the bill of exchange, as a distinct, independent and substantive cause of action, under all the circumstances of the case their award cannot operate conclusively to prevent the plaintiff's recovery in this action.'

Second. In charging that ' The final nature of the award in this case was obliterated by the appeal, verdict and judgment, rendered upon a cause of action entirely distinct from that presented by evidence to the arbitrators, and attempted to be sustained by new and independent evidence.'

Third. In charging that the award was in fact and effect changed and altered, and therefore may be said to have been reversed.

Fourth. In charging that ' The judgment rendered in the Court of Common Pleas in the first suit, superseded and supplied the place of the award, so as to render it inoperative for every purpose, except in its character of lien on the real estate of the plaintiff, or as it might affect a question of costs.'

Fifth. In charging that ' It is not shown that the award in the former case was for the same cause of action declared for in this suit, unless the jury believe that the bill was received as collateral security for the book debt.'

Mr. *Dillingham,* for the plaintiff in error.—The whole question is comprehended in the original demurrer to the plaintiff's replication; and the judgment of *respondeat ouster,* upon the case stated, can only be understood as having reference to this demurrer. The Court thus decided that the facts not traversed in the defendant's special plea, did not amount to a legal defence, and might be passed by without answer, in the pleadings. It must therefore be taken as conceded, for the purposes of this argument, that the bill of exchange was tried and decided by arbitrators; and, whether it was competent for them so to do, is the single and simple question to be presented. If they did decide what it was competent for them to decide, it does not admit of argument that such decision may be pleaded in bar as a former recovery, or given in evidence under the general issue. To assume that the question arising under the bill of exchange was not actually tried before the arbitrators, is but begging the question, and to argue in a circle: because, in his plea of former recovery, the defendant alleged that the plaintiff had before impleaded him, &c., " by occasion of the non-performance of the very same identical promises and assumptions in the declaration in this cause mentioned ;" submitted the issue to arbitration, upon which there was an award and judgment against him, unreversed on appeal. The replication does not traverse the arbitration, proceedings before the arbitrators, award, and judgment thereupon; but merely avers that the case afterwards tried before the jury was for a different cause of action. Now the demurrer went expressly upon the ground that the replica-

tion did not deny the allegation of arbitrament, award, and judgment thereon; and it is not seen with what propriety it can be assumed in the face of this allegation upon the record of one party, not denied by the other, that there was no trial of the bill of exchange before the arbitrators. The case agreed upon and signed by the counsel below states, that before the arbitrators the plaintiff " exhibited a bill of exchange," &c. (setting out *verbatim et literatim* the bill declared on in this suit.) It further concedes that, " on this bill the plaintiff relied as his cause of action; and this alone constituted the subject-matter of dispute before the arbitrators.' Then again it concedes, *totidem verbis*, that " William Gray assigned the said bill, and this suit is brought on the same bill." The reasons for a new trial, recognized by Judge King, in his opinion, filed of record, go upon this ground expressly. " The verdict is against law, &c., inasmuch as the record of the former award in the case of *Gray* v. *Darlington*, accompanied by the admission upon the record, as well as the testimony of William Gray, that the identical draft sought to be recovered upon in this suit, constituted the sole ground of contest in that case before the arbitrators, which award remains unreversed upon appeal, was a conclusive bar to the recovery of the plaintiff in this suit." The whole subject was before Judge King; and there does not appear, from his opinion, to have been any pretence, on the motion and argument for a new trial, that this bill of exchange had not been actually passed upon by the arbitrators. Indeed, the same proposition would seem to have been conceded by the president judge on the last trial, where he says in his charge that, " before the arbitrators, the plaintiff relied on the bill of exchange, before the jury, on his book account."

Whatever might be legitimately included within the boundaries of an action of trespass on the case in assumpsit, either under the declaration filed, or by amendment of the declaration in Court, or by agreement of the parties, either in writing or by parol before the arbitrators, it was legally competent for these arbitrators to decide; and, having decided, the subject-matter has passed *in rem judicatam*, and cannot be re-examined collaterally. There is no mode provided to amend a declaration before the arbitrators; but their powers are at least co-extensive with those of the Court, pending the trial; and pleading *ore tenus* constitutes a part of the system. A case can scarcely arise in which the record will show precisely what was the issue before arbitrators. From the necessity of the case, therefore, this must be shown by proof *dehors* the record. The only limit to this is, that you cannot contradict the record. It is submitted that there is no contradiction here. If the Court should think that evidence of the bill of exchange was not admissible under the counts filed, and that it would not have been competent for the plaintiff on the trial to have filed an additional count upon the bill, still, it was perfectly competent for the parties to agree to try the case upon the

merits.   It is not for the plaintiff to allege that he did not so agree,
in the face of this record.   The case is sustainable, therefore, upon
the principle of a parol submission.   The defendant's averment in
his special plea is, that this bill of exchange was tried by the arbi-
trators.      In legal intendment this means legally .tried.    It is no
requisite that the pleadings, allegations, or agreements of the parties,
before the arbitrators should be reduced to writing and filed of
record.    *Omnia præsumuntur rite et solemniter esse acta,* before this
domestic tribunal.     At least, and at all events, whatever counsel
could have agreed to try in Court in this suit by writing filed, the
parties themselves could agree to try before the arbitrators by word
of mouth ; and upon this proposition the plaintiff in error is content.
to stand or fall.     He insists that the record shows that each party
*in propria persona,* before the arbitrators, submitted the question of
the defendant's liability to the plaintiff, under this identical bill of
exchange ; and that having once submitted it and had a decision on
it, the rule of law .and public policy, *ut sit finis litium,* requires.
that it should have barred this action.     All matters in variance
in this suit between the parties are submitted by the terms of
our act of assembly, and the arbitrators are sworn to try " all
matters submitted to them."     *Le Barron* v. *Harriott,* (2 Penn. Rep.
154.)     *Pride* v. *Thompson,* (*Id.* 158,) and the cases there cited.    6
*Binn.* 167. 333.    1 *Serg. & Rawle,* 19. 435.    2 *Id.* 106.    4 *Id.* 140.
8 *Id.* 391.     *Reed* v. *Garvin,* (7 *Serg. & Rawle,* 454.)

Mr. *Lewis,* for the defendant in error, cited *Groff* v. *Musser,* (3
*Serg. & Rawle,* 265.)     *Farmers & Mechanics Bank* v. *Israel,* (6
*Serg. & Rawle,* 293.)     *Diehl* v. *M'Glue,* (2 *Rawle,* 337.)     *Selin* .v.
*Snyder,* (7 *Serg. & Rawle,* 271.)     *Smith* .v. *Sherwood,* (7 *Conn. Rep.*
170.)     *Brockway* v. *Kinsey,* (2 *Johns. Rep.* 210.)     *Hess* v. *Heeble,* (6.
*Serg. & Rawle,* 57.)

The opinion of the Court was delivered by

ROGERS, J.—The charge of Mr. Justice BELL to the jury, contains
so clear an exposition of the facts and the law of this case, that little
remains to be done, except to declare our ·approbation of the prin-
ciples of the charge, and to. affirm the judgment for the reasons
assigned.     The jury have found, that the bill of exchange on which
this suit was brought, was accepted in payment and discharge of
the original debt ; and consequently it became as much a new, sub-
stantive and independent cause of action, as if the debt had arisen
from an entirely different transaction.     From this it results, that in
the first suit the plaintiffs could not have recovered the amount of
the bill of exchange, on a declaration containing the common counts
and on an account stated.     What then is this, but an attempt by
parol to contradict a record, by introducing a different cause of

(Darlington v. Gray.)

action from that set out in the plaintiff's declaration? But this cannot be done, for records are conclusive proofs of all material and traversable allegations, and are considered of such authority, that evidence to contradict them will not be allowed. The record exhibits one cause of action, the evidence another and distinct cause of action. And this principle is conceded, as applied to a trial by jury, and a judgment by the Court. But it is said, that this is an award under the act of 1810, and that the arbitrators are not trammelled by form; and great reliance is placed on the case of *Le Barron v. Harriott*, (2 *Penn. Rep.* 154.) Justice HUSTON, who delivered the opinion of the Court, says: " No one who lived at or since 1810, ever supposed it was the intention of the law, that the proceedings of the arbitrators could be at all trammelled by the pleadings." By this it must be understood, that they are not supposed to be competent judges of the formal matter set out in the pleadings, and not that they are at liberty to disregard the pleadings altogether; for the learned judge immediately adds: " Where a narr., or statement, is filed, they look to it to see for what cause the suit is brought; but it never was expected, or intended, that they should judge of the sufficiency in point of form, of either narr. or subsequent pleadings." The fair import of that case is, that the arbitrators as well as a Court and jury are not permitted to disregard the plaintiff's claim or demand as disclosed in his declaration; and this idea is entertained not only by the profession, but it is a principle which will receive the ready assent of every man to whom the decision of controversies which may arise, is ordinarily entrusted. If we depart from this plain rule, it is difficult to know where we are to draw the line of distinction; and a trespass or title to land, may be tried in an action to recover a book account, where it can be shown by parol proof that the trial was had by consent of the parties. And the law which forbids proof in opposition to a record would be strictly applicable, had no appeal been entered; but the case is strengthened by the verdict and subsequent judgment of the Court, as is clearly shown in the charge. A plea of former recovery, would not be supported by the record, which declares another and different demand. It would therefore be necessary in support of the plea, to prove by parol another claim on which the arbitrators had passed, adverse, or at least different, from that laid in the declaration. And such evidence would be inadmissible, on the principle stated. And if the plea of a former recovery set out the declaration, or award, which it must do, and in the same plea it was averred, that although the record showed one cause of action, another and a different claim was tried before the arbitrators, it would be bad on demurrer. It is to be remarked, that here, there was no *agreement* to try the amount due on the bill of exchange; but if there had been, unless the agreement appeared on the record, it would not alter the case. For I cannot accede to the proposition

(Darlington *v.* Gray.)

which has been so strenuously pressed, that whatever may be done by the parties in Court by written agreement, filed, may be as well done by a verbal agreement, before arbitrators. · The proposition is a startling one, and might lead to great perplexity and embarrassment. It is better to pursue the old and beaten track, than to adopt new-fangled notions, which may lead to consequences which it is impossible to foresee and difficult to avoid. Evidence may be given, in explanation of a record, and when not inconsistent with it; as where the parties go before the arbitrators without pleadings. In such and in parallel cases, it may be used from necessity, where it is material to show the subject-matter of controversy; but it has been confined strictly within these limits. A strict adherence to this rule, may produce sometimes injurious consequences in individual cases. · But it is better to submit to partial inconveniences, that to incur the uncertainty which must arise from invading the sanctity of a record. The manner in which this cause has been conducted in some respects, calls for a passing remark. It was in the first instance submitted to the decision of the Court on a case stated, with the unprecedented agreement, "that if the opinion of the Court should be in favour of the plaintiff, they should give judgment of *respondeat ouster.*" We notice this to condemn it: a *respondeat ouster* on a case stated or special verdict is a novelty not entitled to any favour or countenance from the Court. The very object of a case stated, as of a special verdict, is to end the controversy by a judgment in chief on certain ascertained points. It is supposed to contain the whole case; and is the agreed result of the evidence, on which the Court pronounce the law arising from it. It is therefore a perversion of principle and of the acknowledged practice, to permit the case afterwards to be re-heard, and the facts to be re-examined. The case is not only irregular in this respect, but it presents another anomaly; for as I collect from the charge, the case stated was given in evidence on the trial. In the same case, there was a demurrer undisposed of, a case stated, a judgment of *respondeat ouster,* a trial before Mr. Justice KING, a new trial granted, another trial before Mr. Justice KING, all of which resulted the same way; and now it comes for final adjudication on a writ of error. It must be acknowledged, that it is time, that an end should be put to a dispute which involves the title to about three hundred dollars only. It is proper to remark, that there is no discrepance in the views taken of the law, in the opinion of the judges before whom the cause was tried. The facts given in evidence were not the same; and for this reason, the conclusion to which they came was different.

Judgment affirmed.