May Term,
1855.

Shook
v.
The Board
of Commis-
sioners of
Ripley
County.

---

Shook *v.* The Board of Commissioners of Ripley County.

An agreement of a creditor with the principal debtor to delay the collection of the debt, must be founded on a consideration in order to discharge the sureties.

The language of a bond was as follows: "We or either of us promise to pay the state of *Indiana*, for the use of the surplus revenue fund," &c., "on or before the 23d day of *January*, 1846, 100 dollars, with interest thereon at the rate of 7 per cent. per annum, payable in advance, commencing even date herewith, and do agree that in case of a failure to pay any instalment of interest, the said principal sum shall become due and collectable, together with all arrears of interest; and on failure to pay the principal or interest when due, 5 per cent. damages on the whole sum due shall be collected and costs. In testimony," &c. *Held*, that it plainly appeared that though the bond was to be due one year from date, yet that it was the intention of the parties that further time might be given upon payment of the annual interest.

APPEAL from the *Ripley* Circuit Court.

Gookins, J.— This was a bill in chancery by *Shook* against the board of commissioners and auditor of *Ripley* county, to enjoin part of a judgment at law. A demurrer to the bill was sustained by the Circuit Court, and the bill dismissed. *Shook* appeals.

The material allegations of the bill are, that on the 23d of *January*, 1845, *David P. Shook*, one *Hezekiah Shook*, and *Peter Shook*, the plaintiff, executed four writings obligatory to the state, amounting in all to 687 dollars and 42 cents, which were taken by the officers having control of the surplus revenue fund of said county, on pretence that said *David P. Shook*, who had been an agent for that

May Term,
1855.

SHOOK
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY
COUNTY.

fund, was a defaulter to that amount; that said *David P. Shook* was principal, and the plaintiff and *Hezekiah Shook* were sureties in said bonds; that three of them were for 100 dollars each, one due one year after date, another two years after date, and the other three years after date. The bonds are particularly described in the bill, and are in the following form:

"We, or either of us, promise to pay the state of *Indiana*, for the use of the surplus revenue fund of the county of *Ripley* and state of *Indiana*, on or before the 23d day of *January*, 1846, one hundred dollars, with interest thereon at the rate of seven per cent. per annum, payable in advance, commencing even date herewith, and do agree that in case of a failure to pay any instalment of interest, the said principal sum shall become due and collectable, together with all arrears of interest; and on failure to pay the principal or interest, when due, five per cent. damages on the whole sum due shall be collected and costs. In testimony whereof we have set our hands and seals, this 23d day of *January*, 1845. *David P. Shook*, [SEAL.] *Peter Shook*, [SEAL.] *H. Shook*, sen., [SEAL.]"

That *David P. Shook*, at the date of the bonds, paid the interest thereon for one year, at the rate of 7 per cent., in advance; that on the 6th of *September*, 1846, the auditor and treasurer of *Ripley* county agreed with *David P. Shook*, without the knowledge and against the will of his sureties, that if he would pay the interest on said bonds from the 23d day of *January*, 1846, for one year, at 7 per cent., they would give day thereon until the 23d day of *January*, 1847; which sum was paid, and the time given; all which, it is alleged, will appear by reference to the bonds and indorsements, which are copied into the bill. The indorsements are stated to have been made by the officers having control of said fund; and it is alleged that similar arrangements were made for an extension of time from *January*, 1847, to *January*, 1848, and from *January*, 1848, to *January*, 1849, and on the second and third bonds to *January*, 1850. The indorsements on the bonds are in the following form:

May Term,
1855.

SHOOK
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY
COUNTY.

"*January* 23, 1845.  Treasurer's receipt filed for 7 dollars, in full on the within note to 23d of *January*, 1846.  *James L. Yates*, A. R. C."

" *September* 4, 1846.  Treasurer's receipt filed for 7 dollars, in full on the note to *January* 23, 1847.  *James L. Yates*, A. R. C."

" *September* 6, 1847.  Treasurer's receipt filed for 7 dollars, interest in full on the within note to *January* 23, 1848. *J. L. Yates*, auditor."

The other indorsements are of like character.

The bill further alleges that the county of *Ripley*, by her agents, had recovered a judgment at law in the name of the state on said bonds, and another of like character for 387 dollars and 42 cents, which judgment amounted to 856 dollars and 48 cents, and included five per cent. damages on the amount of said bonds; that in said action he could not avail himself of the defence that indulgence had been given to the principal, because the defence was of an equitable nature, and not cognizable at law.   He alleges that *David P. Shook* is insolvent, and prays that so much of the judgment as is founded on the said three bonds may be enjoined.

We. think this bill can not be sustained.   The principal question it presents was considered in the case of *Shook* v. *The State, ex rel., &c.*, at the present term of this Court, (*ante*, p. 113,) which was the action at law mentioned in the bill.   The agreement for delay here set up was pleaded in that action.   On demurrer to the plea, our conclusion was, that the payment of 7 per cent. per annum interest in advance was no more than was stipulated for in these contracts, and that therefore no consideration was shown for the promise to delay.   See *Reynolds* v. *Ward*, 5 Wend. 501.—*The Oxford Bank* v. *Lewis*, 8 Pick. 458.

Although one of the bonds would be due one year after date, its language shows very plainly that it was the intention of the parties that further time might be given upon payment of the annual interest.   The stipulations to pay 7 per cent. per annum interest in advance, and that on failure to pay any *instalment* of interest, the principal should

May Term, 1855.

become due and collectable, show this intention. They could not have referred to an instalment of interest that was payable at the time of the making of the contract, and they are wholly without meaning unless applied to interest which might be paid in the future, on payment of which a further delay was to be given. The term "payable in advance," of itself showed that one year at least was to be given after such payment. A contract must be so construed as to give effect to all its parts, if it be capable of such a construction. The parties have put this construction upon these contracts, as is shown by the payments of interest indorsed upon them. Nor do those indorsements show, as the bill supposes, any agreement for delay. They show nothing but the payment of interest. The entries are made by the proper officers, in the proper form, and nothing is said about giving time; and, according to the plaintiff's construction of the bonds, an action might have been brought to recover the principal immediately after the payment of the interest. Such, however, was not the intention of the parties, as we have already shown.

*Per Curiam.*—The decree is affirmed with costs.

*E. Dumont*, for the appellant.

*J. Ryman*, for the appellees.