### KINGAN and Others *v.* GIBSON.

ACCORD AND SATISFACTION.—A. being liable to B. in a large sum and claiming that C. was liable to him, B. accepted a small sum from A. in full satisfaction, upon the condition, proposed by A., that he would forego the enforcement of his claim against C. Afterwards A. violated the condition and collected his demand from C. by suit.

*Held*, that A. could not claim that B.'s demand was satisfied.

APPEAL from the Shelby Common Pleas.

FRAZER, J.—The appellee, by reason of his failure to deliver to the appellants, according to contract, certain hogs, which the appellee had purchased of one Oldham, became liable in damages to them to the extent of fifteen hundred dollars. The appellee induced the appellants to take from him, in satisfaction of their damages, upon condition that the appellee would not sue Oldham's estate, a horse worth one hundred and fifty dollars, by falsely and fraudulently representing to them that Oldham had failed to deliver the hogs to the appellee as he had contracted to do; that damages for Oldham's breach of contract could not be collected, Oldham being dead and his estate insolvent; and by promising to make no attempt so to collect damages from Oldham's estate. The appellants were ignorant of the condition of Oldham's estate, and relied and acted upon the representations of the appellee, the latter knowing them to be false. In truth, Oldham's estate was solvent, and the appellee recovered from it twelve hundred dollars for Oldham's breach of contract. The appellants sued, alleging the foregoing facts in their complaint; a demurrer was sustained to it, and that ruling is before us for consideration.

The satisfaction is alleged to have been upon condition that Oldham's estate should not be held liable, and it is averred that this condition has been broken. There is, therefore, no satisfaction, according to the very terms agreed upon by the parties. We suppose that the condition was lawful, and we are not able to conceive of any reason to justify us in disregarding it.

The case may be put shortly thus: A. is liable to B. in a large sum, and claims that C. is liable to him. B. will accept a trifle from A. in full satisfaction, upon condition that A. will forego the enforcement of his claim against C., and it is so agreed, the trifle being paid. A. afterwards violates the condition and collects his demand of C. Now, it seems very plain that A. cannot say that B.'s demand is satisfied.

Reversed, with costs; cause remanded, with directions to overrule the demurrer.

*M. M. Ray, J. W. Gordon, W. March, E. B. Martindale,* and *F. Knefler,* for appellants.

*S. & A. Major,* for appellee.