## MAXWELL ET AL. *v.* DAY ET AL.

JOINT DEBTORS.—*Partnership.—Discharge of One Joint Debtor.*—Pending the dissolution of a partnership, a creditor received the notes of the several partners for their respective portions of a partnership debt standing on an open account, and agreed to release each partner from any other portion of the debt than that covered by his note, and accepted the notes as a full discharge of each partner from the residue of the account.

*Held*, that the contract was binding on the creditor, and that he could not maintain a suit on the account against a partner who had paid the note so accepted, for his share of the debt.

SAME.—The taking of a note, with or without security, from one of several joint debtors for a pre-existing debt is a payment when it is expressly agreed that it is taken as payment and at the risk of the creditor.

PRACTICE.—*Amendment.*—An amendment changing the issue, to conform the pleadings to the facts proved cannot be allowed after verdict; but where such amendment does not change the legal effect of the pleading, a judgment will not be reversed because of it.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. S. Shirley,* for appellants.

*C. F. McNutt* and *G. W. Grubbs,* for appellees.

BUSKIRK, J.—The appellants sued the appellees upon an account for goods, etc., sold and delivered to them as partners. Judgment was rendered by default against Howe.

Day answered as follows: " That he admits that he and the defendant Howe were formerly partners in the blacksmith and wagon business; that while so engaged they became indebted to the plaintiffs in the sum of ————— dollars. But defendant says, that on or about the 6th day of February, 1869, they dissolved said partnership, and ceased thereafter to transact business together; that pending said dissolution, by an arrangement with plaintiffs and with their concurrence, and they agreeing to the same, there was a division of said account so due from defendants to plaintiffs made, one-half of said account being assumed by said Day, and the remaining one-half by the said Howe; that thereupon there was made between plaintiffs and defendants a complete and final settlement of said

account, the said plaintiffs agreeing and accepting the said Day for one-half of said account, and the said Howe for the remaining half, in consideration of their severally executing their individual notes, each for one-half of said account; that the said Day thereupon executed his said note for one-half said account, and said plaintiffs accepted the same as a full and satisfactory discharge as to said Day for said account, which said note has since been paid off and discharged; that said defendant Howe executed his note for the residue of said account, and plaintiffs accepted the same in full discharge and settlement of said account as to said Howe; that the account sued upon, on which defendant Day is sought to be made liable, is the individual one-half of said account assumed by said Howe, and settled and adjusted by the note of the said Howe, and for the payment of which plaintiffs accepted the said Howe, and upon which defendant Day was released from liability; wherefore," etc.

To this answer, there was a demurrer by the plaintiffs, which was overruled, and an exception taken.

The plaintiffs then replied by a general denial and a special pleading, which was stricken out on motion, and is not in the record, no exception having been taken by the plaintiffs to this ruling of the court.

Upon the issue thus joined, there was a trial by a jury, and a verdict for the defendant Day.

The court instructed the jury as follows:

"1. If you should find from the evidence, that by agreement between the parties the claim of plaintiffs was divided, and the defendant Day executed his note with security for one-half of the claim, but defendant Howe failed to furnish security in pursuance of the agreement; that, notwithstanding this, plaintiffs retained Day's note and collected it, then you should find for defendant Day, because plaintiffs cannot be permitted to retain a part of what was agreed upon in settlement, and disregard the balance of the agreement.

"2. As defendant admits plaintiffs' claim to be correct, and

pleads that they have settled and discharged it, the burden of proof is on the defendant. The giving of individual notes by defendants to plaintiffs, each for one-half of plaintiffs' claim, even if upon agreement with the plaintiffs that they would accept the same in discharge of their claim, is not sufficient to discharge defendants, or either of them, from plaintiffs' claim. Such agreement would be without consideration and void. And notwithstanding it may be shown that Day has paid off his note, if under the terms of the settlement it was not required to be secured, you should find for the plaintiffs the balance due thereon on this claim against Day, as there is a default against defendant Howe."

The court refused the request of the appellants to instruct as follows :

" If you shall find that defendant Day, at the instance of plaintiffs, executed his note for one-half of plaintiffs' claim, and caused the same to be executed by another as surety; that plaintiffs accepted such note in satisfaction of one-half of such claim, and that Day afterward paid such note to plaintiffs, but that defendant Howe did not, in pursuance of agreement, either secure or pay the other half, still you should find for plaintiffs for the amount yet due to them of their claim against defendants as partners, deducting the amount paid by Day on his note, or by Howe thereon; for the defendants were both liable to plaintiffs jointly for the whole of plaintiffs' claim, and the giving of the note could not amount to more than the payment of money to that amount."

After the verdict, the appellants moved the court for judgment notwithstanding the verdict, assigning as a reason for such motion, that there were no such facts pleaded as amounted to an answer.

While this motion was pending, defendant Day asked leave to amend his separate answer by inserting at the proper place therein, and by way of amendment, and to conform the answer to the facts proved, the following:

" And that in consideration of said Day's executing his

note, which he did, with William Hynds as security, and in consideration of said Howe's executing to them his note, plaintiffs agreed to and did release Day from all liability on account of the other half of said debt, for the payment of which they took the said Howe."

The appellants objected to the granting of such leave, but the objection was overruled, and the amendment was made. The appellants then moved to strike out such amendment, but the motion was overruled. The court then overruled the motion for judgment *non obstante veredicto*.

The appellants then moved the court for a new trial, which motion was overruled.

Proper exceptions were taken to all the foregoing rulings of the court.

The errors of which appellants complain are as follows:

1. Overruling demurrer to Day's separate answer.

2. Giving the first instruction above set out.

3. Refusing to give instruction asked by appellants.

4. Allowing defendant Day to amend his answer after verdict.

5. Overruling appellants' motion for judgment *non obstante veredicto*.

6. Overruling appellants' motion for a new trial.

Other errors are assigned, but they do not arise in the record, and are not insisted upon in brief for appellants.

Did the court err in overruling the demurrer to the separate answer of Day? The substance of that answer was, that he had executed his note to the plaintiffs for one-half of the debt, which he had paid upon an agreement that the plaintiffs would release him from the payment of the other half, and that they would look to Howe for the payment of such moiety. The case of *Fensler* v. *Prather*, 43 Ind. 119, is directly in point, as that was an action against partners, and the defence was the same as here. DOWNEY, C. J., in speaking for the court in that case, says: " The second paragraph of the answer relies upon the payment by Prather of a part of the debt, all of which was due at the time, as a.

consideration for his discharge from the payment of the residue. This is not a sufficient consideration to support the promise to release him. *Shook* v. *The Board of Commissioners, etc.,* 6 Ind. 461; *Halstead* v. *Brown,* 17 Ind. 202; *Kingan* v. *Gibson,* 33 Ind. 53. Payment of a smaller sum in satisfaction of a greater liquidated debt only operates as a dicharge *pro tanto,* and cannot in law discharge the whole debt without some valid consideration for abandoning the residue. But payment of a smaller sum may amount to a discharge of a larger debt, where it is made under a valid agreement to that effect; as where it is agreed to be paid at an earlier day; where it is agreed to be paid by a third party, or where it is paid as a composition for the debt under an arrangement between the debtor and his creditors. Payment of a smaller sum in satisfaction of a larger amount claimed for an unliquidated demand may operate as a valid discharge; so payment of a smaller sum, under an agreement to abandon a defence to an action and pay costs, may be pleaded in satisfaction of a larger demand. A negotiable security for a smaller amount given and accepted in satisfaction of a larger debt will operate effectively in discharge of it. Leake Law of Contracts, 474, 475."

The case of *Ritenour* v. *Mathews,* 42 Ind. 7, and the cases there cited, are much in point. See, also, *Tyner* v. *Stoops,* 11 Ind. 22.

At common law, it is clear that a subsisting, simple contract is not discharged or extinguished by the acceptance of another simple contract given by the same party for the same consideration. Indeed, the new contract, in such case, is nothing more than a new, and perhaps better, form of evidence than before existed to prove the same original contract.

It was held in *Tyner* v. *Stoops,* 11 Ind. 22, that "no principle of law is better settled than that taking a note either from one of several joint debtors, or from a third person, for a pre-existing debt, is no payment, unless it be expressly

agreed to be taken as payment, and at the risk of the creditor."

We have been unable to find any authority holding that the giving of surety upon an ordinary promissory note will change the legal effect of the giving of a promissory note.

It now seems to be settled, that a negotiable promissory note or bill of exchange, given by a party chargeable upon an original, simple contract, and accepted by the other party, is a discharge of the original contract, unless it be proved not to have been the intention of the parties to give it that effect. The reason of the rule is, that otherwise the debtor may be put to an inconvenience, and perhaps be obliged to pay his debt twice, as he cannot set up a payment of his original debt, after a seasonable indorsement of the note, against the claim of an innocent holder. Wood v. Waterville, 5 Mass. 294; *Maneely* v. *M'Gee,* 6 Mass. 143 ; *Johnson* v. *Johnson,* 11 Mass. 359; *Butts* v. *Dean,* 2 Met. 76 ; *Darlington* v. *Gray,* 5 Wharton, 487; 2 Greenleaf Ev., sec. 521; *Thompson* v. *Percival,* 5 Barn. & Ad. 925 ; *Sibree* v. *Tripp,* 15 M. & W. 23. This principle has been expressly applied to partners. Story Part. 265, sec. 155.

The following propositions are deducible from the foregoing authorities :

1. Payment of a smaller sum may amount to a discharge of a larger debt where it is made under a valid agreement to that effect.

2. That the taking of a note from one of several joint debtors for a pre-existing debt, is no payment, although security may be given thereon, unless it be expressly agreed to be taken as payment, and at the risk of the creditor.

3. That a negotiable promissory note, or bill of exchange, given by a party chargeable upon an original, simple contract, and accepted by the other party, is a discharge of the original contract, unless it be proved not to have been the intention of the parties to give it that effect.

In the first and third propositions, the question of discharge is made to depend upon the intention of the parties, to be

gathered from all the facts and circumstances attendant upon the transaction, while in the second proposition there must be an express agreement that the note is taken as payment, and at the risk of the creditor.

In our opinion, the answer of Day is substantially good. It alleges that the appellants agreed to take the individual notes of Day and Howe, each for one-half of the debt, in full discharge and satisfaction of the original indebtedness.

The court committed no error in overruling the demurrer to the answer.

We proceed to inquire whether the court erred in overruling the motion for a new trial.

The giving and refusing to give the instructions heretofore set out were assigned as reasons for a new trial. The instructions given, and the one asked and refused, proceeded upon the theory that the giving of surety upon the separate notes of Day and Howe changed their legal effect, and made them amount to a satisfaction and discharge of the original indebtedness. As we have seen, this was a mistaken view of the case. Besides, the question of surety upon such notes was outside of the issues, as they stood at the time the instructions were given. The first instruction given is bad, for another reason. The jury were informed that the retention of the note of Day by the appellees and its collection defeated their right to recover. Such is not the law. If it was expressly agreed that the notes were taken in payment and at the risk of the appellants, then their original claim against the appellees was discharged. If, on the other hand, there was no such agreement, the payment of such note amounted to a payment *pro tanto*, and did not discharge the original debt.

The appellees, for the purpose of making the instructions conform to the issues, after the verdict of the jury had been returned, asked and obtained the leave of the court to amend the answer, and it was amended in the manner hereinbefore set out. Such a practice is unauthorized by the statute. A party may have leave to amend his pleading after the jury is,

sworn, but before the cause is submitted, without placing on record the specific grounds on which the motion is based, where the amendment does not change the issues; but, where the amendment changes the issue, or makes a new issue, the amendment must be made upon cause shown, and the jury must be re-sworn before the trial is proceeded with. *Ostrander* v. *Clark*, 8 Ind. 211.

It is a settled rule of practice under the code, that pleadings cannot be amended so as to change the issues or make a new issue, after the jury has retired to consult, or after the cause is submitted to the court for decision upon the evidence. *Trees* v. *Eakin*, 9 Ind. 554; *Kerstetter* v. *Raymond*, 10 Ind. 199; *Kerschbaugher* v. *Slusser*, 12 Ind. 453; *The Danville, etc., Co.* v. *The State*, 16 Ind. 456; *Holcraft* v. *King*, 25 Ind. 352.

Such is also the rule in New York, under a code very similar to ours. *Bemis* v. *Bronson*, 1 Code R. 27; *Egert* v. *Wicker*, 10 How. Pr. 193; 1 Van Santvoord Pl. 806, 807, and 808.

We cannot regard the amendment a part of the record. The amendment, however, did not change the legal effect of the answer, and we could not, for such error, reverse the judgment.

The conclusion we have reached renders it quite certain that the court committed no error in refusing to render a judgment *non obstante veredicto*.

Under the instructions of the court, the question whether it was expressly agreed by and between the parties that the separate notes of Day and Howe were taken in payment of the original indebtedness and at the risk of the creditors, was not fairly submitted to the jury, and for this error the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded for a new trial in accordance with this opinion.