## The President and Directors of the Richmond and Boston Turnpike Company *v.* Rife.

Covenant. The defendant agreed to build for the plaintiffs, at specified places, the superstructure of certain bridges, at certain prices. The work was to be completed by the 1st of *August,* 1846. The abutments for said bridges were to be built by the plaintiffs. The declaration contains an averment of performance of plaintiffs' part. Breach, that the defendant did not, by the time agreed upon, build said superstructures, or any part thereof, &c. The defendant pleaded in bar that the plaintiffs did not, before the 1st of *August,* 1846, nor for nine months thereafter, although often requested so to do, &c., have said abutments put up, &c. Averment, that, in consequence of the plaintiffs' failure, the defendant was prevented from complying with his part of the contract as he desired to do and was always ready to do, &c. Demurrer to the plea overruled, and final judgment for the defendant. *Held,* that the plea was not double, and the demurrer was properly overruled.

*Wednesday,
November 27.*

ERROR to the *Wayne* Circuit Court.

Blackford, J.—This was an action of covenant brought by the plaintiffs in error against the defendant in error. The suit is founded on an agreement under seal, executed by the plaintiffs and the defendant on the 21st of June, 1845. By that instrument, the defendant agreed to build for the plaintiffs, at specified places on their road, the su-

perstructures of certain bridges particularly described, at certain prices. The work was to be completed by the first of *August*, 1846. It appears by certain specifications, made part of the said agreement, that the abutments for said bridges were to be built by the plaintiffs. The declaration contains an averment of performance of the plaintiffs' part of the agreement. The breach alleged is, that the defendant did not, by the first of *August*, 1846, or at any other time, build said superstructures of bridges or any part thereof, at the places where, &c., or at any other places; but to perform the same and every part thereof, the defendant had refused, &c., to the plaintiffs' damage 500 dollars.

Nov. Term, 1850.

THE PRESIDENT AND DIRECTORS, &c., v. RIFE.

There are two pleas in bar.

One of the pleas is substantially as follows: That the plaintiffs did not, before the first of *August*, 1846, nor for nine months thereafter, although often requested so to do by the defendant, and although the plaintiffs were to put up said abutments before said superstructures were to be erected, have said abutments put up upon which the said superstructures were to be placed. Averment, that in consequence of the plaintiffs' failure to put up said abutments, the defendant was prevented from complying with his part of the contract as he desired to do, and was always ready to do, if it had been made possible for him to do so by the putting up of said abutments. Verification.

The other plea is, in substance, the same with the one first stated.

The plaintiffs demurred to these pleas, and assigned as a cause of demurrer, that the pleas were double in alleging that the plaintiffs had failed to put up the abutments, and that the defendant was always ready to perform said contract.

The demurrers were overruled, and final judgment rendered for the defendant.

We have no doubt but that these pleas are good. The making of the abutments by the plaintiffs, on which the superstructures in question were to be placed, was, clearly,

Nov. Term,
1850.

a condition precedent. The plaintiffs were bound to allege a performance of such condition in the declaration, and the defendant had a right to deny its performance in his plea. There is a precedent of such a plea in 2 Chitty's Plead. 989. If the plaintiffs did not build the abutments in time to enable the defendant to comply with his contract, they cannot complain of his non-performance.

There is no ground for the objection of duplicity. The pleas contain but one defence, and that is, that the plaintiffs had failed to put up the abutments. The other allegation, namely, that the defendant was always ready to perform his contract, is not set up as a distinct defence. It is admitted that if it were a defence, though ill pleaded, the plea would be double. *Wright* v. *Watts*, 3 Adol. & Ellis, N. S. 89.—*Fearn* v. *Cochrane*, 4 Mann. Gr. & Scott, 274. But the allegation in question, instead of being a defence, is merely surplusage.

We think, therefore, that the demurrers were rightly overruled.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Perry*, for the plaintiffs.

*J. B. Julian*, for the defendant.