OSTRANDER v. CLARK.

A party may have leave to amend his pleadings after the jury is sworn, but before the cause is submitted, without placing on record the specific grounds on which his motion is based.

But where the amendment changes the issue, or makes a new issue, the jury must be resworn before the commencement of the trial.

APPEAL from the *Vigo* Court of Common Pleas.

*Saturday, November* 29.

DAVISON, J.—The complaint charges *Ostrander* with having committed an assault and battery on *Clark*, who was the plaintiff, whereby he, *Clark*, was damaged 500 dollars. The defendant answered, 1. Not guilty; 2. *Son assault*. Whereupon a jury was impanneled and sworn to try the matters in issue between the parties.

The record contains a bill of exceptions, which shows that after the jury were sworn, and before the case was submitted, the plaintiff moved the Court, without showing any cause by affidavit, or otherwise, in support of his motion, for leave to amend the complaint by adding thereto, after the words " 500 dollars," the following averments: " And was put to great expense, to-wit, 50 dollars in paying doctor's bills, and in being cured; and was unable to work for six weeks, and thereby suffered damage on account thereof 50 dollars." Also for leave to file a replication in denial of the second paragraph of the answer. These amendments were allowed, and the cause was thereupon submitted for trial, without the jury being resworn. There was a verdict for the plaintiff, and, over a motion for a new trial, there was judgment.

The action of the Court in granting leave to amend the pleadings, is assigned for error. Anterior to the present code, such amendments might not have been allowable after the jury were impanneled; but the law now in force, in our opinion, sustains the ruling of the Court. 2 R. S. p. 48, ss. 97, 99. There is nothing in the code to which we have referred that requires the party who moves for leave to amend, to place on the record

Nov. Term,
1856.

the specific grounds on which his motion is based. And in the present case, there seems to be no good reason why such grounds should be stated; because the amendments, on their face, show that they were essential to a full investigation of the cause. At all events, the reasons which induced the action of the Court not appearing in the record, we must presume that the leave was properly granted.

It appears, however, that the jury were impanneled and sworn before the second issue was made, and were not resworn. They could not, therefore, have been sworn to try that issue. In this respect the proceedings are obviously defective. The jury should have been sworn after the issues were completed, and before the commencement of the trial. 2 R. S. p. 107.

For the omission to reswear the jury the judgment must be reversed.

GOOKINS, J., having been concerned as counsel, was absent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. B. Gookins* and *E. E. Bassett,* for the appellant.