May Term,
1858.

THE STATE
v.
ROYSTER.

(1) *Ante*, 183.

---

THE STATE *v.* ROYSTER.

The *Indianapolis and Brownsburgh Plankroad Company*, organized under the general plankroad act of 1855, had a right to erect a toll-gate on the portion of their road east of *White* river (the road west of the river being completed), though that portion did not exceed one mile. In other words, the bridging of that stream was not a prerequisite to the right to collect toll upon the mile of road east of the river.

Saturday,
June 19.

APPEAL from the *Marion* Circuit Court.

WORDEN J.—This was a prosecution by information, against the defendant, *Royster*, for destroying a toll-gate on the road of the *Indianapolis and Brownsburgh Plankroad Company*. It was commenced in the Common Pleas, and transferred to the Circuit Court, for trial, on account of the interest, in the matter, of the Common Pleas judge.

There was a plea of not guilty; trial by jury, verdict and judgment for defendant.

The cause is brought to this Court, by the prosecuting attorney, under the provisions of § 119, p. 377, 2 R. S.

1852, upon points of law reserved during the prosecution below.

It appeared in evidence that the *Indianapolis and Browns-burgh Plankroad Company*, originally organized under their charter, and afterwards adopted the general plankroad law of 1852, and in *November*, 1856, they adopted the plank-road law of 1855. That their road extended from *Indian-apolis*, in *Marion* county, to *Pittsborough*, in *Hendricks*, a distance of seventeen miles. That all the road was com-pleted except the bridge over *White River*, and the grading of the banks of the river, making a distance of unfinished road not exceeding 400 or 500 feet. That in consequence of this break and want of a bridge, the travel had to leave the road on the west bank of *White River*, and go some dis-tance down the river and cross at a ford, and upon ascend-ing the east bank of the river, again enter upon the plank-road, traveling about one half mile after leaving the road before entering upon it again. That the toll-gate in ques-tion was situate about a mile east of *White River*, on the road, and that there was only about a mile of the finished road east of said river. That the toll demanded at said gate, was a trifle less than the rate of toll prescribed for one mile of travel upon said road. That the defendant while traveling said part of said road, refused to pay the toll demanded, which did not exceed the rates prescribed by law upon legal roads, and upon such refusal, the gate was shut against him, whereupon without offering to pay toll he demolished the gate with an ax.

Upon this state of facts the prosecuting attorney asked the Court to charge the jury as follows, viz.:

1. "That if they find the *Indianapolis and Brownsburgh Plankroad Company* had, before the time of the committing of the acts by the defendant charged in the information, completed three consecutive miles of their road, as contem-plated by their charter, the said company was authorized to erect toll-gates upon any other completed portion of the road less than three miles, and demand and collect lawful toll for traveling thereon, although such other completed

portion upon which a toll-gate may have been erected was not in direct and immediate connection with three continuous, completed miles.

2. "If the jury find, as aforesaid, that three consecutive miles had been so as aforesaid completed, the company had a right to erect a toll-gate and demand toll on any other completed portion or portions of the road, provided the toll so demanded was according to the rate per mile that the company might lawfully charge.

3. "It is not necessary to show that *White River* or any other stream had been bridged by the company, to entitle them to demand and claim toll on the portion or portions so as aforesaid completed.

4. "If the whole road had been completed as aforesaid, except the bridging, the company were entitled to erect and maintain toll-gates at such points as they considered expedient, and demand and receive the lawful tolls for traveling such road, according to the distance traveled on the road, excluding the points not bridged, or not planked or graveled."

These instructions the Court refused, and the state excepted; whereupon the Court gave the following, amongst other instructions, to which the state also excepted, viz.:

"To entitle the company to erect the toll-gate in question, there must be, on that part of the line of the road three consecutive miles thereof finished, and if there were not, the company had no right to erect the gate; and the circumstance that there may have been three or more miles of the rode elsewhere finished, does not give the right to erect a gate upon a part of the road where there is not three consecutive miles."

From the evidence it appears that the entire road was completed, except the bridging of *White River*, and the grading of its banks; and the question is whether the company can erect a gate and charge toll on that part of the road east of the river, being less in extent than three miles.

It is conceded that the act of 1855 (Acts of 1855, p. 148) governs the case.

The 3d section provides for toll-bridges across streams, under such circumstances and restrictions as are therein prescribed.

The 4th section provides that "Whenever three consecutive miles of such road shall have been completed, or if the whole of the road shall be less than three miles in length, then, in such case, when the whole of such road shall be completed, the directors of such company may erect toll-gates, at such points and at such distances from each other as they may deem it proper, and exact tolls from persons traveling on the road," &c.

The 7th section provides "That it shall be lawful for any plank, macadamized, turnpike, or gravel road company, to erect toll-gates at such convenient points on their road, as in their judgment will best protect the company from imposition and loss, though such gates should be less than five miles apart," &c.

We are of opinion that, taking the provisions of the above sections of the law together, the company had a right to erect a toll-gate on the part of the road east of *White River*, and charge toll for traveling thereon, although there was less than three miles of the road on that side of the river; or in other words, that the bridging of the stream was not a prerequisite to their right of charging toll for the travel on the road, on the east side of the river.

Whether or not a plankroad company would have the right to erect a gate and charge toll, on a part of their road less than three miles in extent, where another part of their finished road was of that, or greater extent, as a general proposition, is a question not before us, as the facts in the case before us do not involve such question, and therefore we do not pass upon the correctness of the first and second charges asked on the part of the state, or the one given by the Court. What we decide is, that the bridging of a stream is not a condition precedent to the right of erecting a toll-gate and charging toll on a part of the road lying on one side of the stream, although it may be less than three miles in extent, where, as in this case, there are three miles or more, of the road completed.

The 3d and 4th instructions asked for on the part of the state, should have been given.

*Per Curiam.*—The appeal is sustained at the cost of the defendant.

*P. S. Kennedy*, for the state.

*R. L. Walpole*, *W. Wallace* and *J. Coburn*, for the appellee.