May Term,
1861.

THE DAN-
VILLE, &c.
PLANK-ROAD
COMPANY

v.

THE STATE.

THE DANVILLE AND WHITE LICK PLANK-ROAD COMPANY v. THE STATE, on the relation of KENNEDY, Prosecuting Attorney, &c.

Information in the nature of a *quo warranto*, against a plank-road company, charging a forfeiture of its franchises. The information did not give the date of the organization of the corporation, or show under what statute it was organized and acting.

*Held*, that when a corporation does, or omits, acts which amount to a forfeiture of its charter, or exercises powers not conferred by such charter, an information may be sustained against it.

*Held*, also, that the information should have informed the Court under what law the corporation was organized and acting, so that it might be known what the duties and powers of the corporation were.

Monday,
June 17.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—In *March*, 1858, the prosecuting attorney of the fifth judicial circuit of *Indiana* filed an information, in the nature of a *quo warranto*, against the *Danville and White Lick Plank-road Company*, charging that the company had forfeited its franchises.

The information does not give the date of the organization of the corporation, or show under what statute it was organized, or was acting.

It charges that the company has not kept a journal of the proceedings of every meeting of the Board of Directors; but it does not give the number of omissions, or the circumstances under which they occurred.

It charges that the company have not opened their road forty feet wide; but it does not allege how much it lacked of that width.

It charges that the company have not kept up, at the toll-gate, a statement of the rates of toll; but it does not say how long an omission to do so continued.

It alleges that the road is out of repair; but does not show how long it has been so. See, as to this averment, *John* v. *The Farmers' Bank*, &c., 2 Blackf. 369. There are other allegations in the information. The information was demurred to, as not containing sufficient facts, but the demurrer was

overruled. Issues of fact were then formed, and tried, and there was judgment for the State. During the trial, and after several witnesses had been examined, the Court permitted the State to make the following amendment to the complaint, viz., "And said company have erected a toll-gate on said road, and demanded and received toll for traveling on said road, before five miles of said road had been completed." See *The State* v. *Royster*, 10 Ind. 426. As to this amendment, see *Kerstetter* v. *Raymond*, 10 Ind. 200. It evidently added a new issue, that is, an additional issue for trial.

But did the Court err in overruling the demurrer to the information? The code provides that an information may be filed against a corporation where it is not legally organized, and where a corporation does, or omits, acts which amount to a surrender, or a forfeiture, of its rights and privileges as a corporation, or when it exercises powers not conferred by law. Ind. Pr., p. 551; 2 R. S., p. 198. It thus gives, by information, the redress obtained at common law through *scire facias* and information. Grant on Corp., Am. Ed., p. 53, 305; Ang. & Am. on Corp., 2 Ed., p. 665. Under our statute, then, when a corporation does, or omits, acts which amount to a forfeiture of its charter, or exercises powers not conferred by such charter, an information may be sustained against it. But if the Court is not made acquainted with its charter, so as to know what act it is required to perform, or omit, how can the Court determine whether the corporation has been guilty in these particulars, or not? If we had but one general public statute under which plank-road companies could be acting, then it would not be necessary for an information to make averments showing the law governing the given corporation, because the Court would take judicial notice of it. But special turnpike and plank-road charters existed under the old Constitution, and were continued in existence by the new. *The City of Aurora* v. *West*, 9 Ind. 77; 1 R. S. 1852, p. 70. Then we had a general plank-road law in 1852, which defined the powers and duties of corporations formed under it, and contained an invitation to those previously existing to adopt its provisions, in lieu of their then charters. 1 R. S., p. 394. In 1855, still a different general plank-road law was enacted.

*May Term, 1861.*

THE DANVILLE, &c. PLANK-ROAD COMPANY
v.
THE STATE.

May Term,   Acts of 1855, pp. 147, 148.   See *The State* v. *Royster,'supra.*
1861.       Further changes have been subsequently made.   Now, though
            it is the duty of the Court to judicially know the provisions
PULLING     of these charters enacted under the new Constitution, it is
v.          not the duty, nor is it in the power, of the Court to judicially
THE STATE.  know the fact as to whether a given corporation was created
            under one, or the other; or whether, if created under one,
            it has subsequently accepted of the provisions of the other.

The information filed, should inform the Court on this question of fact, as otherwise the Court is blind to the law applicable to the given case.   The demurrer to the information should have been sustained.   See *The State* v. *Bailey, ante,* p. 46.

*Per Curiam.*—The judgment is reversed, with costs.   Cause remanded, with leave to amend.

*H. C. Newcomb, John Tarkington, S. Major, C. C. Nave,* and *J. Witherow,* for the appellant.