## HARRIS *v.* MERCER.

CONTRACTS—SALE—FRAUD.—Where there has been a sale, and delivery under it, sufficient in law to vest the property in the first purchaser, and make a good title, if not tainted with fraud, the *bona fide* vendee of such purchaser, buying and obtaining possession before such contract has been rescinded, will acquire a perfect title against the first vendor.

PRACTICE—AMENDMENT.—In an action to recover personal property and damages for the detention thereof, it is not competent for the Court, in the progress of the trial, over the objection of the defendant, to permit the plaintiff to amend his complaint so as to claim special damages for expenses incurred in money and time in seeking to recover such property.

APPEAL from the *Delaware* Circuit Court.

HANNA, J.—The appellee sued the appellant to recover certain personal property, to-wit: Nine reaping and mowing machines, and damages for their detention; averring that he was the owner and entitled to the possession thereof. Answer. 1. Denial. 2. That the property came lawfully to the possession of the defendant and had not been demanded, &c. 3. The machines were and are the property of one *Patterson*, and not of the plaintiff. Reply in denial; and that the property did not belong to *Patterson*, because, he professed to derive title through one *Duncan*, who obtained said property of said plaintiff feloniously, viz: by false pretences—said plaintiff being the original owner and manufacturer thereof. To this paragraph of the reply, a demurrer was overruled; which presents the first point for our consideration. It is urged as one objection, that the pleading is not good because the false pretences should have been specifically stated and set forth. We need not stop to determine as to this particular objection to the reply; for the reason that, substantially, the pleading

was invalid, under ruling in the case of *Bell* v. *Cafferty*, 21 Ind. 411.

The evidence is not all in the record. It appears by the bill of exceptions that two notes purporting to have been made by one *Howard* to said *Duncan* and endorsed by the latter, together with a paper purporting to have been executed by said *Duncan*, in which he gave the age, residence and pecuniary standing of said *Howard*, as well as his own, and showed that he gave said two notes to plaintiff for reapers and mowers, were offered by plaintiff and admitted in evidence. The defendant objected, because the *execution* of said writings, &c., was not proved, nor notice given that they would be offered as evidence.

The plaintiff himself testified as to the execution of the writing, but there was a subscribing witness thereto who was not introduced.

As the whole evidence is not in the record, we must presume a sufficient foundation for the admission of said testimony was laid, although it is shown, that foundation was not established by proving the execution of said writings. Suppose the notes never had been executed by *Howard*, but were a forgery, and that proof to that effect was before the Court. Of course in such an instance proof of the execution thereof would not come from that quarter, but exactly to the reverse—that is, the non-execution.

During the progress of the trial, the complaint, which was for the recovery of the property and damages for the detention thereof, was so amended as to claim special damages—that is, damages for expenses incurred, in money and time, in seeking to recover said property. This amendment was permitted, to meet evidence upon these points. The amendment was objected to—but no continuance asked because thereof. The jury were not resworn, nor any further pleadings filed or offered, nor any motion to strike said amendment out.

There was an agreement that the demurrer before then filed to the complaint should apply to the same as then amended. We are rather inclined to think that the ruling of the Court in permitting the amendment, over the objection of defendant, was error, in this case. It may be that in cases, where the action is directly for damages, and the amendment is only in the nature of specifications as to the same, it should be admitted; or in cases where such amendment does not claim substantially beyond what might be recovered under the original allegations in the complaint.

The evidence of the special damages claimed was objected to, but admitted. It consisted of personal expenses of plaintiff and his clerk, amount paid for horse hire, and items as to the value of the time of the two persons named. It appears to us this evidence was clearly inadmissible, as tending to prove damages that were too remote.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Walter March*, for the appellant.

*J. Brownlee*, for the appellee.