## Mason and Another *v.* Seitz.

PLEADING.—*Contract.*—*Performance.*—In a suit to recover rent due on a lease of a house;—

*Held*, that it was a sufficient allegation of performance by the plaintiff, to aver

the making of the contract, and that the defendant had been placed in posses-
sion of the premises and still retained possession thereof, and that a certain
sum was then due for rent.

PRACTICE.—*Withdrawal of Pleading.—Open and Close.*—After the jury has
been sworn, it is not a matter of right for the defendant to withdraw the gen-
eral issue and assume the burden of proof, with the open and close of the
evidence and argument. It is within the sound legal discretion of the court
to permit or refuse this, and any action by the court in such matter will not
be error in an ordinary case.

APPEAL from the Decatur Common Pleas.

BUSKIRK, J.—The appellee sued the appellants to recover
for the rent of a hotel in Greensburgh. The action was
based upon a written contract, which was filed with and con-
stituted a part of the complaint. The complaint alleged that
the contract referred to and made a part thereof was executed
at the time therein named; that in pursuance thereof the
defendants were placed in possession of the property, and
that they still retained the possession; that by the terms
thereof there was due from the defendants to the plaintiff,
for the rent of such house and furniture, the sum of six hun-
dred dollars, with the accrued interest, for which judgment
was demanded.

A demurrer was overruled to this complaint, and an excep-
tion taken.

The defendants filed an answer consisting of six para-
graphs: first, the general denial; second, payment; the
third, fourth, and fifth alleged that the plaintiff had made
false and fraudulent representations in regard to the house
and furniture; that the defendants were ignorant in refer-
ence to the truth of such representations and relied upon the
same as true, and failed to make a personal examination of
the house and furniture. The paragraphs set out, in detail,
the character and extent of the defects and deficiencies, and
the amount of damages which they had sustained by reason
thereof. The fifth and sixth paragraphs averred that the plain-
tiff had failed to keep and perform certain stipulations of the
contract, and by reason thereof they had been damaged.

A demurrer was overruled to the second, third, fourth, fifth, and sixth paragraphs of the answer. An exception was taken, but no cross errors have been assigned on such ruling, and consequently we are not required to determine as to the sufficiency of the answer.

The cause was tried by a jury, and resulted in a finding for the plaintiff in the sum of five hundred dollars.

The court overruled a motion for a new trial, and rendered judgment on the verdict.

The appellants have assigned several errors, but only two have been argued, and the others will be regarded as waived.

The overruling of the demurrer to the complaint is the first error assigned and relied upon. The objection to the complaint is, that it does not aver that the plaintiff had kept and performed the stipulations of the contract which were to be performed by him.

Section 84 of our code provides: "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part; if the allegation be denied, the facts showing the performance must be proved on the trial." 2 G. & H. 108. Under this section, a party is only required to allege the performance of a condition. This may be done by alleging generally that he had performed all the conditions on his part, or the pleader may state the facts showing the performance. The only purpose of this action was to recover the rent due upon the contract. The complaint alleged the execution of the contract, and that the defendants had been placed in and still retained the possession of the property leased, and that a certain sum was then due for rent.

We think that for the purposes of this action there was a sufficient allegation of performance. The placing of the defendants in the possession and enjoyment of the real and personal property described in the contract was a condition precedent to the right of the plaintiff to recover the rent,

and this is alleged in the complaint. *Richmond & Boston Turnpike Co.* v. *Rife*, 2 Ind. 316; *Purdue* v. *Noffsinger*, 15 Ind. 386; *Cromwell* v. *Wilkinson*, 18 Ind. 365.

If the defendants had, after the making of the contract, refused to perform on their part by taking the possession of the property leased, and an action had been brought to recover damages for such breach, then the plaintiff would be required to allege generally the performance of all the conditions on his part, or that he had tendered to the defendants the real and personal property described in the contract, and within the time therein named, and the refusal of the defendants to perform on their part, and the nature and extent of the damages by him sustained by reason of such refusal and failure to perform. We think there was no error in overruling the demurrer to the complaint.

It appears by a bill of exceptions in the record, that after the jury had been sworn, but before a statement of the case had been made, the defendants asked of the court, as a matter of right, to withdraw the general denial, and the right to open and close in the delivery of the evidence and arargument of the cause to the jury, which was refused, and an exception was taken; and this action of the court is assigned for error. We think there was no error. If the application had been made before the jury was sworn, it could have been demanded as a matter of right, and it would have been error for the court to refuse; but when it was made after the jury had been sworn, it was within the sound legal discretion, of the court to grant or refuse the request. This court will review the exercise of a sound legal discretion, where there has been an abuse of it that injuriously affected the substantial rights of the party. If the court had permitted the defendants to withdraw the general denial, and had given them the burden of the issue and the right to open and close the argument, we would not reverse the judgment for that reason, nor do we think it should be reversed because it was refused. We are unable

to see how the granting or refusal to grant the request in a case like this could affect the substantial rights of the parties. *Sanders* v. *Johnson*, 6 Blackf. 50.

Section 99 of our code provides, that "the court may at any time, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, direct the name of any party to be added or struck out; a mistake in name, description, or legal effect, or in any other respect, to be corrected; any material allegation to be inserted, struck out, or modified to conform the pleadings to the facts proved; when the amendment does not substantially change the claim or defence." 2 G. & H. 118.

"Any pleading may be amended by either party of course at any time before the pleading is answered." *Id.* sec. 97. And again: "No cause shall be delayed by reason of an amendment, excepting only the time to make up issues, but upon good cause shown by affidavit of the party or his agent asking such delay." *Ibid.* Sec. 312, 2 G. & H. 193, provides: "Before the commencement of the trial an oath must be administered to each juror that he will well and truly try the matter in issue between the parties."

A construction has been placed upon these several provisions of our code by this court. *Ostrander* v. *Clark*, 8 Ind. 211; *Shank* v. *Fleming*, 9 Ind. 189; *Kerstetter* v. *Raymond*, 10 Ind. 199.

From the foregoing provisions of our code, and the above decisions, it is quite obvious that the issues must be closed before the case is submitted to a jury; that no amendment can be made, as a matter of right, after the trial has commenced, but is within the discretion of the court; and that the court is only required to permit an amendment for the furtherance of justice. There may be cases where the ends of justice may require that the defendant should be permitted to withdraw his denial for the purpose of giving him the right to assume the burthen of the issues, and to open and close the argument, but this is not one of them. We

think the court did not err in overruling the application of the defendants.

The judgment is affirmed, with costs.*

*J. Gavin* and *J. D. Miller*, for appellants.

*C. Ewing* and *J. K. Ewing*, for appellee.

*Petition for a rehearing overruled.