## HACKNEY ET AL. *v.* WILLIAMS.

PRACTICE.—*Amendment During Trial.*—When the court permits an amendment of a pleading after the trial has commenced, the jury need not be re-sworn unless such amendment changes the issue.

PLEADING.—*Evidence.*—In an action between parties who had been partners, involving partnership transactions, the defendant answered that the plaintiff had received certain moneys of the firm which he had converted to his own use.

*Held*, that, under a general denial of such answer, the plaintiff might prove that the moneys so received by him had been expended for partnership purposes.

From the Johnson Circuit Court.

*G. M. Overstreet* and *A. B. Hunter*, for appellants.

*S. P. Oyler* and *D. Howe*, for appellees.

BUSKIRK, J.—This was an action on an account by appellee against appellants. The complaint was in three paragraphs. The first is for money alleged to have been received by appellants during a partnership between them and appellee for the training of horses, etc. The second is for work and labor, etc., by the .appellee for appellants. The third is for one-half the value of a mare sold by appellants, and alleged to be the joint property of the parties.

The appellants answered in three paragraphs.

1. The general denial.

2. By way of set-off, that appellee was indebted to appellants for money paid him, for money paid for his use, and for work and labor, etc.

The third was to the effect that during the partnership alleged in the complaint, appellants received certain sums of money belonging to the firm which were by them paid out for partnership purposes; and that during the same time the appellee received certain sums of money belonging to the said firm, which he failed to pay out or apply to partnership purposes, but converted the same to his own use.

The appellee replied in denial of the second and third paragraphs of the answer.

The cause was submitted to a jury for trial. ' After the jury had been sworn and some evidence heard, the appellee was, over the objection and exception of the appellants, permitted to amend his reply by filing an additional.paragraph, to the effect that the money received by the appellee had been by him paid out on expenses incident to the partnership. The trial proceeded without the jury having been re-sworn, and resulted in a finding for the appellee. The appellants did not ask that the jury should be re-sworn, nor did they object to the trial proceeding without re-swearing the jury, but in their motion for a new trial they assigned as a reason, that the trial had proceeded after the amendment of the reply without re-swearing the jury.

The only errors relied upon by counsel for appellants in their brief are the amendment of the reply on the trial and the failure to re-swear the jury.

There was no error in permitting the amendment to be made on the trial. The court undoubtedly possessed the power to authorize the amendment. See sections 97, 98, and 99 of the code, 2 G. & H. 117 and 118; *Maxwell* v. *Day*, 45 Ind. 509.

It was not necessary to re-swear the jury unless the amendment changed the issues. *Maxwell* v. *Day, supra.* We think the amendment did not change the issues. The same proof was admissible under the general denial that was under the amended paragraph. The amended paragraph of the reply was addressed to the third paragraph of the answer, which alleged that the appellee had received certain sums

of money belonging to the firm, which he had not applied to partnership purposes, but had converted the same to his own use. To sustain this paragraph of the answer, it was incumbent upon the appellants to prove the receipt of partnership funds and their conversion. The general denial controverted the truth of the matters averred in the answer. Under the general denial, the appellee was entitled to disprove whatever the appellants were required by the answer to prove, and as they were required to prove the conversion of partnership funds to the private use of the appellee, it was competent for him, under the general denial, to disprove a conversion, to show that he had applied such funds to partnership purposes. The amended paragraph of the reply neither increased nor diminished the proof, and consequently there was no change of the issues, and no necessity for re-swearing the jury.

The court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.