### BURR *v.* MENDENHALL.

PRACTICE.—*Amendment of Pleading.—Discretion of Court.—New Issue.*—The granting of leave to amend pleadings after the issues have been closed and before trial, and on the trial, is very much within the sound legal discretion of the lower courts, and, where the amendment makes a new issue or adds a new cause of action or ground of defence, should only be granted in a proper case and upon good cause shown by affidavit.

SAME.—*Application for Delay by Reason of Amendment.*—When an amendment is made and the opposite party does not, by motion supported by affidavit, ask for delay to complete the issues when rendered necessary by such amendment, or to prepare for trial, the presumption will be indulged by the Supreme Court that such party was not prejudiced by such amendment; but if an application is made for delay, either to plead or prepare for trial, and is overruled, then the Supreme Court will determine whether there has been such an abuse of discretion as injuriously affected the rights of such party.

SAME.—Where a court overrules an application for leave to amend, in the cases above stated, the Supreme Court will, in the absence of a showing that there has been an abuse of discretion prejudicial to the rights of the party applying, presume that the action of the court was correct.

From the Henry Circuit Court.

*M. E. Forkner* and *E. H. Bundy,* for appellant.

*J. Brown* and *R. L. Polk,* for appellee.

BUSKIRK, J.—The original complaint alleged that the appellant was indebted to the appellee in the sum of three hundred and forty dollars, for work and labor and materials furnished in building and constructing a partition brick wall, at the instance and request of appellant, a bill of particulars

of which was filed with the complaint, which remained due and wholly unpaid.

The appellant answered by the general denial. The cause was tried by the court. Upon the trial, the appellee offered in evidence the following written instrument:

" This indenture witnesseth, that we, Isaac Mendenhall and Rachel Mendenhall, his wife, of Henry county, in the State of Indiana, convey and warrant to L. L. Burr, of the county and state aforesaid, for and in consideration of the premises hereinafter stated, to wit, the right and privilege to the said Burr to join to his, the said Mendenhall's, west wall on lot No. 5, in block No. 7, in the original plat of the town of Newcastle, and next adjoining to the east line of the said L. L. Burr's lot, being part of the lot and block aforesaid, and the privilege of building said wall one story or more higher than the brick wall of the said Mendenhall, and extend said wall ten feet north, and not to injure the chimneys of the said Mendenhall, but to carry up the same, the said Burr is to build an additional wall up to the first floor, provided, always, that at the time that the said Burr should join to said wall, he is to pay to the said Mendenhall one-half of the amount it would cost to put up such a wall at the time of adjoining the same, and the same privilege is to be extended to said Mendenhall should he want to build higher or farther back. The said L. L. Burr is to have credit for the east cellar wall as against the west cellar wall of the said Mendenhall's so far as it goes in thickness."

The above instrument was duly signed, acknowledged, and recorded. The appellant objected to the introduction of the same in evidence upon the following grounds:

1. That said instrument did not tend to prove any or disprove any issue in said cause.

2. That it was irrelevant and immaterial.

3. That the suit was brought to recover for work and labor and materials furnished in building and constructing a partition wall, and not for the privilege of adjoining to a wall

already built, or to recover the consideration of the easement conveyed by plaintiff to defendant in said instrument in writing.

Whereupon the plaintiff asked leave of the court to amend his complaint by inserting the following words, to wit: "And in the further sum of three hundred and fifty dollars for the right and privilege of adjoining to a brick wall heretofore sold and conveyed by the plaintiff to the defendant, a bill of particulars of which is filed herewith, immediately following the words ' a bill of particulars of which is filed herewith,' in the original complaint as above set forth;" which leave to amend said complaint was granted, and the plaintiff then and there made such amendment, and after the same was so made, overruled the objections to the introduction of said instrument in evidence and permitted the same to be read in evidence.

The appellant objected and excepted to the leave to amend and to the introduction of such instrument in evidence, and these were the only reasons assigned for a new trial that are relied on here. There was no application for delay or continuance on account of such amendment, or motion to tax the costs of such amendment. It is conceded by counsel for appellant that the instrument in question was properly admitted in evidence after the amendment was made. The sole question for our decision is, whether the court erred in permitting such amendment to be made.

There is an irreconcilable conflict in the decisions of this court in reference to the power and duty of the lower courts to permit amendments of the pleadings, on the trial, which change the issue or make a new issue. The right to make such amendments was recognized, subject to conditions and with limitations therein stated, in the following cases: *The Wayne County Turnpike Co.* v. *Berry,* 5 Ind. 286; *Taylor* v. *Dodd,* 5 Ind. 246; *Ostrander* v. *Clark,* 8 Ind. 211; *Trees* v. *Eakin,* 9 Ind. 554; *Kerstetter* v. *Raymond,* 10 Ind. 199; *Kerschbaugher* v. *Slusser,* 12 Ind. 453; *The Danville, etc., Co.* v. *The State,* 16 Ind. 456; *Holcraft* v. *King,* 25 Ind. 352; *Mason* v. *Seitz,* 36 Ind. 516; *De Armond* v. *Armstrong,* 37 Ind. 35;

*Koons* v. *Price,* 40 Ind. 164; *Maxwell* v. *Day,* 45 Ind. 509; *Hackney* v. *Williams,* 46 Ind. 413.

On the other hand, the right to make such amendment on trial has been expressly denied in the following cases: *Miles* v. *Vanhorn,* 17 Ind. 245; *Thompson* v. *Jones,* 18 Ind. 476; *Hoot* v. *Spade,* 20 Ind. 326; *Landry's Adm'r* v. *Durham,* 21 Ind. 232; *Harris* v. *Mercer,* 22 Ind. 329.

It will be observed, that the earlier and later decisions of this court, computing time with reference to the adoption of the code, accord with what was the manifest intention of the framers of the code, and that was to secure a speedy trial of causes upon their merits, disregarding all mere formal and technical objections. This intention is manifested in sections 97, 98, and 99 of the code, which prescribe what amendments may be made, and how a party may be relieved against a judgment taken against him by his mistake, inadvertence, or excusable neglect.

The granting of leave to amend the pleadings after the issues are closed, and before the commencement of the trial, and on the trial, is very much within the sound legal discretion of the lower courts, and should only be granted in a proper case and upon good cause shown by affidavit, where the amendment makes a new issue or adds a new cause of action or ground of defence.

When an amendment is made, and the opposite party does not, by motion supported by affidavit, ask for delay to complete the issues, when rendered necessary by such amendment, or to prepare for trial, the presumption will be indulged by this court that such party was not prejudiced by such amendment; but if an application is made for delay, either to plead or prepare for trial, and is overruled, then this court will determine whether there has been such an abuse of discretion as injuriously affected the rights of such party. And, on the other hand, where the court overrules an application for leave to amend in the cases above stated, this court will, in the absence of a showing that there has been an abuse of discre-

tion which prejudiced the rights of such party, presume the action of the court was correct.

It seems to us that the above rule will best subserve the ends of justice, and will relieve this court from the labor of passing upon questions relating to amendments in the lower courts, where there was no statement of facts showing how the party had been prejudiced.

The amendment made in the present case added a new cause of action, but there was no application for delay to plead or to meet, on the trial, the new cause of action. It is quite reasonable to suppose that such an application would have been granted; but if it had been refused, we would have in the record the facts showing how the rights of the appellant had been injuriously affected. We cannot say, as a matter of law, that the appellant was injured by such amendment, and we have no facts showing an abuse of discretion.

The amendment having been made, the court committed no error in admitting in evidence the deed heretofore set out.

The judgment is affirmed, with costs.