Lowry *et al. v.* Megee.

## LOWRY ET AL. *v.* MEGEE.

PLEADING.—*Conditions Precedent.*—In an action to recover damages for the breach of a contract, if the complaint contain a general averment of performance by the plaintiff of conditions precedent, specific allegations of performance are not necessary, under our code.

SAME.—*Harmless Error.*—There can be no available error in sustaining a demurrer to a paragraph of answer which merely amounts to a partial denial, where an answer of general denial is pleaded.

EVIDENCE.—Parol evidence which tends to vary a written contract in suit is inadmissible.

WORDS.—*Meaning of Ascertained by the Court.*—It is the province of the court, without the aid of witnesses, to ascertain the signification of ordinary words in a written contract, such as the word "feeding," in a contract for the sale of cattle.

From the Henry Circuit Court.

*J. T. Elliott, J. M. Brown, W. March* and *E. N. Smith,* for appellants.

*L. Sexton*, *C. Cambern*, *M. E. Forkner* and *E. H. Bundy*, for appellee.

BIDDLE, C. J.—This was an action for damages by the appellee against the appellants, founded upon the following contract:

"MARCH 30th, 1871.

"This is to certify that we have, this day, bought eighty cattle of Absalom Megee, that he is now feeding, or as many of them as may live, at six dollars and fifty cents, gross, per cwt., weighed on said Megee's scales, on demand, the last half of July next three car loads of said cattle, and two car loads from the middle of July to the last day of August next, giving said Megee three days' notice in each lot.

"G. & F. M. LOWRY.

"Attest: J. DAUBENSPECK."

A demurrer was filed to the complaint, alleging an insufficiency of the facts averred. The principal points alleged against it are:

1. That there is no averment of the condition of the cattle at the time of weighing, nor of the manner in which they had been fed.

2. That the averment of their value at the time of weighing is insufficient.

3. That there is no tender nor sufficient readiness to perform the contract shown.

We think the averments are sufficient. Under the code, an averment of the general performance of conditions precedent is all that is required. Sec. 84, 2 G. & H. 108; *Mason* v. *Seitz*, 36 Ind. 516; *The Home Ins. Co.* v. *Duke*, 43 Ind. 418. We must hold the complaint good.

A demurrer was sustained to the third paragraph of the answer. This is complained of, but there is no error in the ruling, even if the paragraph is good. It is no more than a partial denial. The general denial being in, the error, if any was committed, becomes immaterial.

Issues formed, trial by jury, verdict for appellee. The

proper steps were taken by the appellants to bring their case before this court.

Causes for a new trial numbered 1, 2, 3, 5, 6, 7, 8, 12 and 13 go to evidence offered by the appellants and rejected by the court. There is no error in this. It was parol evidence and tended to vary the written contract. This is in violation of a familiar principle. There are numerous cases deciding this point, from *Mahan* v. *Sherman*, 7 Blackf. 378, to *Barnes* v. *Bartlett*, 47 Ind. 98.

Cause numbered 4 was for refusing to admit evidence to explain the meaning of the word " feeding," as used in the agreement. This evidence was properly rejected. A court must ascertain the signification of ordinary words in a written contract, without the aid of witnesses. *Spears* v. *Ward*, 48 Ind. 541.

Causes numbered 9, 10, 11, 14, 15, 17 and 18 go to the evidence admitted, which tended to fix the amount of the damages. We can perceive no error in these rulings.

Cause 16 goes to evidence admitted, which tended to show what the cattle would lose in shipping to Buffalo, N. Y., by rail. This might have been irrelevant in chief, but as it was admitted in rebutting, we cannot perceive that its admission was wrong.

This disposes of all the points made in reference to the evidence.

Cause 19 goes to the refusal of certain instructions, which, we think, were substantially given in those excepted to in cause 20; which latter we regard as correct.

We have not read the entire evidence with a view to its weight, because, as to that, the appellants have not, in their brief, questioned its sufficiency to sustain the verdict.

The judgment is affirmed, with costs.

PETTIT, J., dissents.

Petition for a rehearing overruled.